Timothy A. Adams, Bar No. 213896
E-mail: tadams@edattorneys.com
Jennifer J. Kropke, Bar No. 230303
E-mail: jkropke@edattorneys.com
**ROBERTS & ADAMS**
20042 Beach Boulevard
Huntington Beach, CA 92648
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiff
B.M., a minor child by and through R.M.

FILED
08 MAR -4 PM 2:50
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 412 L JMA

| | |
|---|---|
| B.M., a minor by and through R.M. | CASE NO.: |
| Plaintiff, | COMPLAINT FOR APPEAL FROM AN OFFICE OF ADMINISTRATIVE HEARINGS DECISION UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT [20 U.S.C. §1400 ET SEQ.] |
| vs. | |
| ENCINITAS UNION SCHOOL DISTRICT | |
| Defendant. | |

COMES NOW Plaintiff B.M. ("Student"), a minor child, by and through R.M., his father and guardians ad litem, for a Complaint against Defendant Encinitas Union School District ("District"). Plaintiff B.M. does hereby allege as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA") [20 U.S.C. §1400] and pendent state law as hereafter more fully appear. This court has jurisdiction under and by virtue of 20 U.S.C. § 1400, *et sequentia* (including 20 U.S.C. § 1415(i)(2)) and 34 C.F.R. § 300, *et seq.* Plaintiff has been aggrieved by a hearing decision rendered in an administrative due process hearing

-1-
**COMPLAINT FOR APPEAL FROM OAH DECISION UNDER THE IDEA [20 U.S.C. § 1400 ET SEQ.]**

ORIGINAL

through the Office of Administrative Hearings ("OAH") on January 30, 2008 by Administrative Law Judge Stella Owens-Murrell ("ALJ Owens-Murrell").

2. The Individuals with Disabilities Education Act was adopted originally as the Education for All Handicapped Children Act in 1975, amended in 1997, and was reauthorized in 2004 becoming the Individuals with Disabilities Education Improvement Act [effective on July 1, 2005]. Congress adopted the IDEA to "ensure that all children with disabilities have available to them a free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). In 2004, Congress found that "the educational needs of children with disabilities were not being fully met because a lack of adequate resources within the public school system forced families to find services outside the public school system." 20 U.S.C. § 1400(c)(2)(D). In order to receive the funds allocated under the IDEA, States are required to set up special education programs that conform to the procedural and substantive requirements of the IDEA. Under the IDEA, the local education agency ("LEA"), usually the school district, is responsible for the costs of the placement and related services of a child for whom it has been providing special education. 20 U.S.C. § 1400 et. seq.

3. Educational programs for children with disabilities are designed and implemented through Individualized Education Programs ("IEPs") which contain, among other things: (1) a statement of the child's present levels of performance; (2) a statement of measurable annual goals; (3) a description of how the child's progress toward the goals will be measured; (4) a statement of the special education and related services to be provided based on peer reviewed research; (5) an explanation of the extent to which the child will not participate with nondisabled children in the regular class; (6) a statement of individual appropriate accommodations; (7) the projected date for the beginning of the services and modifications; and (8) the anticipated frequency, location, and duration of those services. 20 U.S.C. § 1414(d)(1)(A)(i). The special

education placement includes the school and program in which the child is placed as well as the specific educational services or supports to be provided to the child so that his special education program will be successful. 20 U.S.C. § 1414(d). IEPs are developed by an IEP Team which includes teachers, school officials, and the child's parents. 20 U.S.C. § 1414(d)(1)(B)(i-iv).

4. When deciding if an IEP proposed by a school district is substantively appropriate for a child with disabilities, the proper analysis is whether the IEP would convey a "meaningful benefit" on the child. *Adams v. Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999). A program that does not provide the necessary related services to convey a meaningful educational benefit denies the child a FAPE.

5. Children needing special education and related services are to be educated with children who are not disabled to the "maximum extent appropriate." 20 U.S.C. § 1412(a)(5); *see also* 34 C.F.R. §§ 300.114(a)(2)(i). Whether an educational placement is considered the Least Restrictive Environment ("LRE") depends on a four factored test that includes: (1) the educational benefits of the regular class; (2) the non-academic benefits of such a placement; (3) the effect the Student's presence has on the regular class; (4) the cost to mainstream the Student. *Sacramento City Unified Sch. Dist. v. Rachel H.*, 14 F.3d 1398, 1404 (9th Cir. 1994).

6. The IDEA gives parents extensive protective rights, including the right to unilaterally remove a child from a school that is not providing a FAPE and place the child in an appropriate private educational placement. If it is determined by administrative review or by a court that the private placement is appropriate, the parents are entitled to reimbursement from the school district. 34 C.F.R. § 300.403; *see also School Committee of the Town of Burlington v. Department of Education*, 471 U.S. 359, 369 (1985). Otherwise, it would be an "empty victory" for parents who are forced to pay tuition to secure their child's free appropriate public education. *Id.*

7. The IDEA also provides parents the right to seek Independent Educational Evaluations ("IEE") at public expense from the school district. 34 C.F.R. §

300.502. A parent is entitled to request an IEE as long as they disagree with the school district's assessment. Once requested, the school district may only: (1) fund the IEE; or (2) file for due process to show that its evaluations are appropriate. In either event, the IEEs obtained by the parent, even if privately funded, must be considered by the school district. *Id.* at (c)(1).

8. Parents (or guardians) and LEA's may bring Due Process Complaints pursuant to 20 U.S.C. § 1415 regarding disputes related to a child's special education program. In California, the Office of Administrative Hearings ("OAH") is under contract with the California Department of Education to conduct impartial Due Process Hearings arising under the IDEA.

9. Both federal and California law provides that when a parent obtains affirmative relief in a proceeding brought under the IDEA, then the parent is "the prevailing party" and is entitled to an award of reasonable attorneys' fees. 20 U.S.C. § 1415(i)(3)(B).

10. Pursuant to 20 U.S.C. § 1415(i)(2) and 34 C.F.R. § 300.516, any party "aggrieved" by the findings of an administrative Due Process hearing may bring a civil action in federal district court. Once commenced, the Court shall receive the records of the administrative hearing and hear additional evidence at the request of a party. 20 U.S.C. § 1415(i)(2)(C)(i)-(ii).

## PARTIES

11. Plaintiff, B.M. ("Student") is a child with a disability within the meaning of that term as defined under 20 U.S.C. § 1401(3)(a)(i) and is a child with exceptional needs within the meaning of that term as defined in Cal. Educ. Code, § 56026, and therefore is entitled to receive special education and related services from the Defendant, Encinitas Union School District ("District"). At all times relevant to this complaint, B.M. was a minor child residing in the State of California, County of San Diego, within the boundaries of the Encinitas Union School District, with his parents, R.M. and N.M. ("Parents").

12. Defendant District is a governmental agency located within the County of San Diego, State of California, and conducting business therein. The District receives federal funds from the U.S. Department of Education via the California Department of Education, pursuant to the IDEA, and is required to provide a Free Appropriate Public Education in the Least Restrictive Environment to all children with disabilities whose parents reside with the District's boundaries. The District has the capacity to be sued.

## PROCEDURAL HISTORY

13. On or about June 25, 2007, the District filed a Due Process Complaint with the OAH to seek a ruling that the District's assessment of Student conducted in April 2007 was appropriate. Said action was captioned as <u>Encinitas Union School District v. Student</u>, OAH Case No. N2007060731.

14. On or about August 9, 2007, the District filed a second Due Process Complaint seeking a determination that the May 30, 2007 IEP offered Student a free appropriate public education ("FAPE"). That case was captioned as <u>Encinitas Union School District v. Student</u>, OAH Case No. N2007080304.

15. The Due Process matters were consolidated for hearing on or about August 24, 2007.

16. The Due Process Hearing was held before ALJ Owens-Murrell on November 26 through December 5, 2007 and a decision issued on or about January 30, 2008 ("Decision").

17. There is an actual controversy between the parties. Student has exhausted all available administrative remedies through his participation in a due process hearing with OAH.

18. Pursuant to the provisions of 20 U.S.C. § 1415(i)(2)(A), Student, as a party aggrieved by the Decision, files this action appealing the Decision.

## FACTUAL BACKGROUND

19. Plaintiff hereby incorporates and realleges Paragraphs 1 through 18 above and incorporate the same as fully set forth herein.

20. B.M. is four (4) years old and has been diagnosed with, *inter alia*, autism. He has been found eligible for special education and designated instructional services ("DIS") through the District.

21. In or about April of 2007, the District conducted a Transdisciplinary Assessment of Student. The District conducted some assessments in the areas of motor skills, Speech and Language, behavior, pre-academic, and cognitive functioning.

22. Parents disagreed with the appropriateness of the District's assessment. Specifically, the Transdisciplinary assessment omitted certain important areas of deficit including visual processing and apraxia of speech. Further, the testing on which the District relied was either administered in a non-standardized manner (thus resulting in inaccurate scores) or was comprised entirely of "screening" measures rather than tests of the child's abilities and unique needs. These deficiencies rendered the testing inappropriate.

23. On or about June 6, 2007, Parents expressed their disagreement to the District via written correspondence and requested that the District fund Independent Educational Evaluations ("IEE") at public expense. The District declined to do so and instead filed for a due process hearing to defend its assessment.

24. On or about May 30, 2007, the District convened an IEP for Student. Through that meeting and subsequent meetings, the District made, *inter alia*, the following offer of placement and services for Student: (1) placement in a Special Day Class ("SDC"); (2) individual occupational therapy twice per week for thirty minute sessions; (3) group occupational therapy once per week for thirty minutes; (4) individual speech and language four times per week for thirty minute sessions; (5) group speech and language once per week for thirty minutes; (6) group adapted physical education twice per week for thirty minute sessions; (7) two hours per day of

individual Applied Behavior Analysis ("ABA"); (8) six hours per week of in-home ABA services; and (9) monthly clinic meetings.

25. This Individualized Education Program ("IEP") proposed by the District, however, was insufficient to meet the unique needs of Student. Among other considerations, Student has Childhood Apraxia of Speech. Apraxia is a processing disorder that disrupts the signal from the brain to the mouth that controls proper speech.

26. In her report, Ms. Abby Rozenberg recommended five hours of speech and language as the appropriate amount to allow Student to make progress in his education. The District's lower amount was woefully inadequate from inception. Similarly, the occupational therapy and ABA services, as well as the placement, were not appropriate for Student based on his unique needs.

27. The District filed its second administrative action seeking a finding from the OAH that this offer of placement and services was appropriate for Student.

28. Rather than allow Student to be subjected to the District's inappropriate program, Parents gave notice to the District that, because of the dispute over FAPE, they would be privately placing Student in another program, provide all services privately (with the exception of in-home ABA services), and seek reimbursement for those services. Parents subsequently removed Student from the District's program and began providing an appropriate placement.

29. The documentary evidence and witness testimony at hearing strongly supported Student's position that the Transdisciplinary Assessment was inappropriate and that the May 30, 2008 IEP did not provide Student with a FAPE. However, the Hearing Officer found that Plaintiff did not prevail on a single issue. The Decision challenged in this action disregarded both law and fact specific to the finding that Student was offered a FAPE. ALJ Owens-Murrell based her decision on a completely erroneous understanding of special education law that compelled her to disregard

-7-

persuasive and relevant testimony and evidence. The hearing decision being challenged is devoid of any legal analysis and application of the evidence to the law.

      30. Among the numerous misapplications of law and the abuses of discretion in weighing the evidence were, without limitation, the following:

    (a) ALJ Owens-Murrell applied the incorrect standard when determining whether the IEP was substantively appropriate. Rather than utilize the "meaningful benefit" described by the 9th Circuit in *Adams, supra*, she used a "some benefit" standard that applied to the IDEA's predecessor – the Education for the Handicapped Act.

    (b) ALJ Owens-Murrell repeatedly abused her discretion by summarily rejecting the testimony from Student's experts because they had not attended the IEP meeting at issue. Attending the IEP does not have a talismanic effect on credibility and it was error for ALJ Owens-Murrell to so hold. If the IEP is to be judged at the time of its creation, an independent expert is fully capable of reviewing such IEP for appropriateness.

    (c) ALJ Owens-Murrell apparently suffered from a fundamental misunderstanding of Student's arguments despite Student's submission of a twenty-six page written closing brief. ALJ Owens-Murrell's decision references Student's argument about a transition to Kindergarten. In fact, no such argument was raised in Student's closing brief, nor during trial.

    (d) ALJ Owens-Murrell flagrantly ignored state law on the requirements for an assessment of a child with a disability. Although the law properly requires tests to be administered in accordance with the publisher's instructions, ALJ Owens-Murrell effectively waived that requirement and acknowledged only that a

"substantial number" of tests met that minimal burden. ALJ Owens-Murrell went on to ignore other requirements of law in favor of the District.

(e) ALJ Ownes-Murrell ignored relevant evidence that though Student's vision therapist, Dr. Susan Daniels, regularly provided the IEP team with progress reports, the District utterly failed to consider those reports as required by law. *See*, 34 C.F.R. § 300.502(c).

31. Plaintiff contends the evidence produced at the due process hearing and the governing law on this issue strongly supports a finding that ALJ Owens-Murrell decided the issues incorrectly.

32. Plaintiff will suffer grave and irreparable harm from which no other adequate legal remedy exists if the decision of the ALJ is not set aside and specific findings made that are consistent with both legal precedent and the provisions of state and federal law.

33. Plaintiff has exhausted all administrative remedies to the extent required.

### FIRST CAUSE OF ACTION
### REVERSAL OF THE DECISION AT THE
### ADMINISTRATIVE DUE PROCESS HEARING

1) The District failed to offer an appropriate program through its May 30, 2007 IEP (as amended) and thereby denied Student a FAPE during the 2007/2008 school year in the Least Restrictive Environment;

2) The District failed to appropriately assess in all areas of need in its April 2007 Transdisciplinary assessment;

3) ALJ Owens-Murrell erroneously found for the District despite its actions in failing to appropriately assess and denying Student a FAPE.

## PRAYER

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

1) That the Court receive the records of the OAH's administrative due process hearing, and after its consideration of the arguments of counsel, enter an order reversing the OAH's decision, and find that: (1) the District denied Student a FAPE during the 2007/2008 school year by failing to offer appropriate placement and services; and (2) the District failed to appropriately assess Student in all areas of need;

2) That the Court order the District to reimburse Student's parents for the cost of the IEEs that they obtained because of the District's inappropriate assessments;

3) That the Court order the District to reimburse Student's parents for the cost of privately obtaining educationally necessary placement and services;

4) For reasonable attorneys fees and costs as a prevailing party in the underlying administrative action pursuant to 20 U.S.C. § 1415 and Education Code § 56507;

5) For reasonable attorneys fees and costs in bringing and prosecuting this appeal pursuant to 20 U.S.C. § 1415; and

6) For such other and further relief as the Court deems just and proper.

DATED February 25, 2007

Respectfully Submitted,

ROBERTS & ADAMS

By: _____
Timothy A. Adams, Esq.
Jennifer J. Kropke, Esq.
Attorneys for Plaintiff, B.M.

COMPLAINT FOR APPEAL FROM OAH DECISION UNDER THE IDEA [20 U.S.C. § 1400 ET SEQ.]

```
          UNITED STATES
          DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        # 148378      - SH

         March 04, 2008
            14:54:42


         Civ Fil Non-Pris
    USAO #.: 08CV0412
    Judge..: M. JAMES LORENZ
    Amount.:            $350.00 CK
    Check#.: BC210144



      Total-> $350.00



    FROM: BM (MINOR) V. ENCINITAS UNION
```

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
B. M., a minor child by and through R.M

**DEFENDANTS**
Encinitas Union School District

FILED
08 MAR -4 PM 2:50

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Tim Adams, Roberts & Adams, 20042 Beach Boulevard, Huntington Beach, CA 92648, (714) 698-0239.

Attorneys (If Known)  '08 CV 412 L JMA
Anahid Hoonanian, Miller, Brown & Dannis, 301 East Ocean Blvd., Suite 1750, Long Beach, CA 90802 (562) 366-8500.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | J.C ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 J.C. |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 20 U.S.C. 1415
Brief description of cause: Appeal of an administrative Due Process Hearing by an aggrieved party.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 2-29-08
SIGNATURE OF ATTORNEY OF RECORD: Tim Adams

**FOR OFFICE USE ONLY**
RECEIPT # 143718  AMOUNT $350  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

SE 3/4/08

**ORIGINAL**

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.