1  Timothy A. Adams, Esq. SBN 208637
   Jennifer J. Kropke, Esq. SBN 230303
2  **ROBERTS & ADAMS**
   20042 Beach Blvd.
3  Huntington Beach, CA 92648
   Telephone: (714) 698-0239
4  Facsimile: (714) 698-0243

5  Attorneys for Plaintiff
   B.M., a minor child by and through R.M.

6

7

8           **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12  B.M. a minor child by and through R.M.    ) CASE NO.: 08-CV-412-L-JMA
                                               )
13             Plaintiff,                      ) **PLAINTIFF'S MOTION AND**
                                               ) **NOTICE OF MOTION FOR "STAY**
14                                             ) **PUT" PLACEMENT**
                                               )
15        vs.                                  )
                                               )
16                                             )
17  ENCINITAS UNION SCHOOL                     ) Date:  May 12, 2008
    DISTRICT,                                  ) Time:  10:30 a.m.
18                                             ) Judge:  Honorable M. James Lorenz
19             Defendant.                      ) Location: Courtroom 14
                                               )
20  _____ )

21

22       TO DEFENDANT ENCINITAS UNION SCHOOL DISTRICT AND ITS

23  ATTORNEY OF RECORD:

24

25       PLEASE TAKE NOTICE that on May 12, 2008 at 10:30 a.m. or as soon

26  thereafter as counsel may be heard in the courtroom of the Honorable M. James Lorenz

27  at the above-entitled Court, located at 940 Front Street, San Diego, CA  92101,

28  Plaintiff B.M. will and hereby does move the Court for an order pursuant to 20 U.S.C.

1  § 1415(j) directing the Encinitas Union School District, its officers, agents, servants,

2  employees, and attorneys, and all those in active concert or participation with it or them

3  from: failing to offer or provide "stay-put" services, specifically, the in-home Applied

4  Behavior Analysis ("ABA") services, or otherwise conditioning the receipt of such

5  services on the receipt of other District offered services.

6      This Motion is brought for the following grounds: (1) Plaintiff is entitled

7  to an "automatic injunction" for his "stay-put" placement under 20 U.S.C. § 1415(j);

8  and (2) Plaintiff is entitled to accept any such "stay-put" services without also being

9  obligated to accept all such services.

10     This Motion is based on this Notice of Motion and Motion, the

11 Memorandum of Points and Authorities filed herewith, the Supporting Declaration of

12 Jennifer J. Kropke, the Request for Judicial Notice, the pleadings and papers on file

13 herein, and upon such other matters as may be presented to the Court at the time of the

14 hearing.

15

16 DATED:  March 18, 2008        ROBERTS & ADAMS

17

18                               By: _____

19                               Timothy A. Adams

20                               Jennifer J. Kropke

21                               Attorneys for Plaintiff B.M., by and through

22                               R.M.

23

24

25

26

27

28

Timothy A. Adams, Esq. SBN 208637
Jennifer J. Kropke, Esq. SBN 230303
**ROBERTS & ADAMS**
20042 Beach Blvd.
Huntington Beach, CA 92648
Telephone:  (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiff
B.M., a minor child by and through R.M.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M. a minor child by and through R.M. | ) CASE NO.: 08-CV-412-L-JMA |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S MEMORANDUM OF** |
| | ) **POINTS AND AUTHORITIES IN** |
| | ) **SUPPORT OF ITS MOTION FOR** |
| vs. | ) **"STAY PUT" PLACEMENT** |
| | ) |
| ENCINITAS UNION SCHOOL | ) |
| DISTRICT, | ) Date:   May 12, 2008 |
| | ) Time:   10:30 a.m. |
| Defendant. | ) Judge:  Honorable M. James Lorenz |
| | ) Location: Courtroom 14 |
| | ) |

PLAINTIFF, B.M., by and through his attorneys, Roberts & Adams, hereby submits this Memorandum of Points and Authorities in support of his Motion for a "Stay Put" placement preventing the Defendant from unilaterally changing B.M.'s ("Student") educational placement during the pendency of the above captioned matter.

//

//

//

# I.

## FACTUAL BACKGROUND

On or about June 25, 2007, the District filed a Due Process Complaint with the Office of Administrative Hearings ("OAH") to seek a ruling that the District's assessment of Student conducted in April 2007 was appropriate. Said action was captioned as Encinitas Union School District v. Student, OAH Case No. N2007060731. The District subsequently filed a second action captioned as Encinitas Union School District v. Student, OAH Case No. N2007080304. The Due Process matters were consolidated for hearing on or about August 24, 2007.

Before the filing of the due process hearings, the then current placement of Student was: (1) one hour per week of Adapted Physical Education; (2) five hours per week of individual speech therapy; (3) two hours per week of individual occupational therapy; (4) approximately two hours per month of vision therapy; (5) twenty hours per week of in-home Applied Behavior Analysis ("ABA") services with six hours per month of supervision provided by a non-public agency; and (6) six hours per week of ABA services provided by the District at school with two hours per month of program supervision. These services were agreed upon pursuant to a November 2006 settlement agreement as well as a January 16, 2007 Individualized Education Program ("IEP"). By its terms, the settlement agreement expired at the end of the 2006/2007 school year. However, because the January 16, 2007 IEP, as well as the settlement agreement, described the "then-current" placement at the time of the filing of the due process hearing, the District was required to continue that placement throughout the pendency of the hearing. *See*, 20 U.S.C. § 1415(j).

On or about October 10, 2007, Student's parents, by and through their attorneys, informed the District that, as provided, the District's services, with the exception of the in-home ABA services, were not appropriate for Student. Therefore, Student's parents removed their child from the school and funded all educationally necessary services themselves, with the exception of the in-home ABA services.

1   Student's parents specifically requested that the District continue to implement the
2   ABA services.   The District continued to do so throughout the pendency of the
3   underlying administrative hearing.

4          Following the January 30, 2008 decision from OAH, the District informed
5   Student, and his non-public agency ABA provider, that the District would no longer be
6   funding in-home ABA service for twenty hours per week.  When asked to clarify, the
7   District answered in a February 20, 2008 correspondence that unless Student returned
8   to school to receive all of the services, the District would not provide the in-home ABA
9   service.[1]

## II.

## MEMORANDUM OF POINTS AND AUTHORITIES

          The Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. §
1400 et. seq.) provides a number of protections for children with disabilities.  Chief
among them is the requirement that a school district provide each child with a disability
a Free Appropriate Public Education ("FAPE").  When there is a disagreement about
whether the offered program constitutes a FAPE, the IDEA allows either party to file
for an administrative "due process" hearing. 20 U.S.C. § 1415(b)(7), (f).  Any party
aggrieved by that decision then has the right to appeal it to federal court. *Id.* at
1415(i)(2)(A).

          The law also provides for a stable environment for the child stating that,
"during the pendency of any proceedings [including administrative hearings and their
appeal to courts of competent jurisdiction] ...the child shall remain in the then-current
educational placement of the child..." 20 U.S.C. § 1415(j).  This has come to be known
in case law as the "stay put" provision of the IDEA.

//

---

[1] A true and correct copy of that correspondence is attached as Exhibit "A" to the Declaration of Jennifer J. Kropke concurrently filed in support of this Motion.

A. Stay Put Placement is Not an All or Nothing Proposition

The language of the statue and implementing regulations is clear that a District must make available the "then-current" educational placement of the child. *Id.*; 34 C.F.R. § 300.518(a). However, nothing in the law regarding stay put eliminates a parent's right to educate their child in a manner that they feel is appropriate. Further, nothing in the law requires a parent to submit their child to placement and services that they feel would be detrimental simply because they were the last implemented services. To hold that stay-put is an all or nothing proposition serves only to prevent parents from exercising their right to ensure that their child receives an appropriate education.

To this end, then, parents may continue to receive some services or placement as "stay-put" and privately seek placement or services from other sources. It has long been held that a parent who disagrees that the school district's program is appropriate may remove their child from the inappropriate services, place their child in an appropriate program, and be reimbursed for doing so with a favorable determination from a hearing officer or judge. *See, Sch. Committee of the Town of Burlington v. Dep't of Educ.*, 471 U.S. 359, 369-372 (1985); 34 C.F.R. § 300.148. Any reading of the "stay-put" provision as requiring the parents to place their child in the inappropriate program would effectively eliminate this option. As noted in *Burlington*, parents privately provide services at their own risk and are reimbursed only on a finding that the school district's program is inappropriate and the private program is appropriate for the child. *Burlington*, 471 U.S. at 369-370. Thus, a parent who refuses stay-put services must fund whatever private services the parent secures. Student is not here asking for the District to fund the privately obtained services. Student is asking only that the District continue to provide the in-home ABA services as part of his "then-current" educational placement during the pendency of these proceedings.

//

//

//

1    Further, the state hearing office[2] has already determined that parents may
2    select portions of a "then-current" placement and privately provide the remaining
3    services.  Indeed, in a substantially similar case, the parents of the child wanted to
4    retain only some stay-put services while the District argued that the Student must
5    receive all stay-put services or none at all.  In ruling on the issue, the Hearing Officer
6    pronounced, "The Hearing Officer is aware of no law which requires that parents
7    accept all services offered by a district.  Nor is there any specific statutory or regulatory
8    prohibition against parents obtaining necessary services from private providers at their
9    own expense." *San Luis Coastal Unified Sch. Dist.,* 102 LRP 7650 (SEHO 2001).[3]  As
10   the state administrative agency has already recognized, "stay-put" requires the District
11   to make certain placement and services available, but the parent always has the option
12   to accept only those services that are appropriate and reject others.

13       Because the statute requires the District to maintain the then-current
14   placement, and because parents may then choose those portions they feel are
15   appropriate, the District **may not** condition their provision of some stay-put services on
16   the student's receipt of all services.  Such would amount to providing stay-put services
17   only where a student agrees to waive their rights under *Burlington*.  Where, as here, a
18   student's parents have agreed to keep some stay put services (in this case, the in-home
19   ABA services), the District must provide those services whether or not the Student
20   accepts all other services.
21   //
22   //
23   //
24
25
26   [2] Currently, the California Office of Administrative Hearings hears special education due process hearings.  Prior to July 1,
     2005, the Special Education Hearing Office ("SEHO"), centered at the McGeorge School of Law, conducted special
27   education hearings.
28   [3] A copy of this decision is contained in the concurrently filed Request for Judicial Notice.

B. Student is Entitled to an "Automatic Injunction" Directing the District to Provide the Twenty In-home Hours of ABA Services During the Pendency of this Proceeding

The stay put provision applies to "any proceedings conducted pursuant to [section 1415 of the IDEA]." 20 U.S.C. § 1415(j). Included within that section is Student's right to bring a civil action to this court. *Id.* at 1415(i)(2). The regulations reiterate that stay put is applied with equal force during appeals to the court system. 34 C.F.R. § 300.518(a). Thus, though the administrative due process hearing has concluded, Student retains the right to be educated in what was his "then-current" placement.

In addition, in cases such as this, where the request is for an initial stay-put order, as opposed to a request to enjoin earlier orders, it is "unnecessary to meet the traditional preliminary injunction standards." *Joshua A. v. Rocklin Unified Sch. Dist.*, 2007 WL 2389868 (E.D. Cal. 2007).[4] The *Joshua A.* court acknowledged that an original stay-put order would be issued "automatically." *Id.*; *see also*, *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982) (noting that the stay put "provision is, in effect, an automatic preliminary injunction. The statute substitutes an absolute rule in favor of the status quo for the court's discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fair ground for litigation and a balance of hardships."). *Joshua A.* distinguished another potentially relevant case, *Johnson v. Special Educ. Hearing Office*, 287 F.3d 1176 (9th Cir. 2002). *Johnson* applied the traditional preliminary injunction test, but did so because the movant sought an injunction setting aside a previous stay-put order. They were not, as here and as in *Joshua A.*, seeking an original stay-put order in the first instance.

Here, because Student is seeking an original stay-put order, the traditional preliminary injunction standards are inapplicable. Instead, Student is entitled to an

---

[4] A copy of this decision is contained in the concurrently filed Request for Judicial Notice.

1  automatic injunction, pursuant to 20 U.S.C. § 1415(j). Such injunction should direct
2  the District to continue to offer and, at Student's election, provide all of Student's
3  "then-current" educational placement and services as defined in the January 16, 2007
4  IEP. These services specifically include the in-home ABA services.

5

### III.

### CONCLUSION

8        For the foregoing reasons, Plaintiffs respectfully request that this Court
9  issue an Order directing the District to continue to make the stay-put placement
10  available to Student, including the in-home ABA program. Such order should specify
11  that the "stay-put" placement is the placement and services specified in the January 16,
12  2007 IEP.

14  DATED:  March 14 2008

      ROBERTS & ADAMS

By:

      Timothy A. Adams
      Jennifer J. Kropke
      Attorneys for Plaintiff B.M., by and through
      R.M.

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 08-CV-412-L-JMA

Timothy A. Adams, Esq. SBN 208637
Jennifer J. Kropke, Esq. SBN 230303
**ROBERTS & ADAMS**
20042 Beach Blvd.
Huntington Beach, CA 92648
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiff
B.M., a minor child by and through R.M.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M. a minor child by and through R.M. | ) CASE NO.: 08-CV-412-L-JMA |
| Plaintiff, | ) **DECLARATION OF JENNIFER J.** |
| | ) **KROPKE IN SUPPORT OF** |
| | ) **PLAINTIFF'S MOTION FOR "STAY** |
| vs. | ) **PUT" PLACEMENT; EXHIBIT "A"** |
| ENCINITAS UNION SCHOOL DISTRICT, | ) |
| Defendant. | ) |

I, Jennifer J. Kropke, declare:

1. I have personal knowledge of the facts set forth herein. Therefore, if called upon to do so, I could and would competently testify to the truth of the matters set forth herein, except those matters expressly set forth on information and belief, as to which I am informed and believe they are true.

-1-
**DECLARATION OF JENNIFER J. KROPKE**
**CASE NO.: 08-CV-412-L-JMA**

2.    I am an attorney in good standing with the State Bar of California and a senior associate at the law firm of Roberts & Adams.

3.    Via correspondence dated February 15, 2008, our office requested written assurances from Encinitas Union School District's ("District") counsel that the District would abide by the "stay-put" provision of the Individuals with Disabilities Education Act (20 U.S.C. § 1415(j)) during the pendency of the appeal of the administrative decision.

4.    Via correspondence dated February 20, 2008, the District's counsel refused to provide such services and instead insisted that they would not provide any stay put services unless B.M.'s parents consented to the receipt of all such services. Attached as Exhibit "A" is a true and correct copy of the February 20, 2008 correspondence with B.M.'s identifying information redacted.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March 14, 2007, at Huntington Beach, California.

By: _____

Jennifer J. Kropke

**DECLARATION OF JENNIFER J. KROPKE**
**CASE NO.: 08-CV-412-L-JMA**

EXHIBIT A

ANAHID H. HOONANIAN
ATTORNEY AT LAW
ahoonanian@mbdlaw.com

LONG BEACH

**MILLER
BROWN
DANNIS**
ATTORNEYS

February 20, 2008

## VIA FACSIMILE AND U.S. MAIL

Timothy A. Adams, Esq.
Roberts & Adams
20042 Beach Blvd.
Huntington Beach, CA  92648

Re:  *Encinitas Union School District v. B___ M___*
      OAH Case Nos. N2007060731; N2007080304
      Our File: 2915.10308

**SAN FRANCISCO**
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

**LONG BEACH**
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

**SAN DIEGO**
750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202
www.mbdlaw.com

Dear Mr. Adams:

This letter is in response to your correspondence dated February 15, 2008, in which you request "written assurances that the District will continue to provide the in-home ABA program as described in the January 2007 settlement agreement."

As you know, since your clients' October 2007 unilateral withdrawal of B___ from his school-based program at Flora Vista Elementary School ("Flora Vista"), the District has continued to implement the January 2007 Settlement Agreement ("Agreement") by funding B___ in-home ABA program.  The District has continued to do so because the Agreement calls for the provision of 20 hours per week of in-home services.  As you also know, the Agreement calls for B___ to receive related services, including school-based ABA, at Flora Vista.  Your clients' removal of B___ from the Flora Vista school-based program is a breach of the Agreement.

The Encinitas Union School District ("District") agrees that once your client files an appeal of the administrative hearing decision, B___ is entitled to stay put.  However, in light of the Agreement, we disagree that stay put is limited to those services preferred by B___'s parents.  Both the District and your clients must continue to implement and comply with the Agreement.  While your clients may choose to withdraw consent to services set out in an Individualized Education Program ("IEP"), your clients are not entitled to breach the Agreement with respect to the school-based services by choosing to receive only the in-home ABA services rather than all services under the Agreement. Since the Agreement is still in force, your clients must also comply with the Agreement.

ADVOCACY  EXPERIENCE  LEADERSHIP

Timothy A. Adams, Esq.
February 20, 2008
Page 2

It is our understanding that your clients continue to refuse to comply with the
Agreement providing for B█████'s receipt of related services at Flora Vista.  If your
clients do not make B████ available for services at Flora Vista, the District will consider
all of its options, including an action to enforce the terms of the Agreement.

The District intends to continue implementing the January 2007 Agreement, as it has
continued to do since its full execution, even though your clients ceased honoring the
Agreement in October 2007.

Very truly yours,

MILLER BROWN & DANNIS

Anahid Hoonanian
AH/pc

Timothy A. Adams, Esq. SBN 208637
Jennifer J. Kropke, Esq. SBN 230303
Drew Massey, Esq. SBN 244350
**ROBERTS & ADAMS**
20042 Beach Blvd.
Huntington Beach, CA 92648
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiff
B.M., a minor child by and through R.M.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M. a minor child by and through R.M. | ) CASE NO.: 08-CV-412-L-JMA |
| | ) |
| Plaintiff, | ) **PROOF OF SERVICE** |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| ENCINITAS UNION SCHOOL | ) |
| DISTRICT, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

I, Heyman Hakimi, declare:

1. I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action; my business address is 20042 Beach Blvd, Huntington Beach, California 92648.

//

//

-1-
**PROOF OF SERVICE**

2.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

3. On **March 14, 2008,** I served the foregoing documents described as

1) APPLICATION FOR ORDER SHORTENING TIME

2) CERTIFICATION IN SUPPORT OF APPLICATION FOR ORDER SHORTENING TIME

3) PROPOSED ORDER SHORTENING TIME FOR THE MOTION FOR STAY PUT

4) PLAINTIFF'S NOTICE OF MOTION FOR "STAY PUT" PLACEMENT

5) PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF IT'S MOTION FOR "STAY PUT" PLACEMENT

6) DECLARATION OF JENNIFER J. KROPKE IN SUPPORT OF PLAINTIFF'S MOTION FOR "STAY PUT" PLACEMENT EXHIBIT "A

7) REQUEST FOR JUDICIAL NOTICE

4. I served these documents on the interested parties in this action **[X]** by placing **[ ]** the original **[X]** a true copy thereof enclosed in a sealed envelope addressed as stated below:

Anahid Hoonanian
Miller, Brown & Dannis
301 East Ocean Blvd.
Suite 1750
Long Beach, CA 90802

**PROOF OF SERVICE**

1

2  5. I faxed on this date the above document to the parties listed on the attached list.

3

4

5

6  DATED:    March __, 2008

7

8  _____

9  HEYMAN HAKIMI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Service List

1

2

3    Anahid Hoonanian                                    Facsimile:. (562)366-8505
     Miller, Brown & Dannis
4    301 East Ocean Blvd.
     Suite 1750
5    Long Beach, CA 90802

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

# ROBERTS & ADAMS
## ATTORNEYS AT LAW

Drew Massey
Attorney at Law
E-mail: dmassey@edattorneys.com

Telephone: (714)-698-0239
Facsimile: (714)-698-0243
www.edattorneys.com

# FAX TRANSMITTAL SHEET

**To:**   Anahid Hoonanian

**From:**   Drew Massey

**Fax:**   (562)366-8505                **Pages:** 38 (w/cover)

**Phone:** (562)366-8500              **Date:**   March 14, 2008

**Re:**   B.M                              **CC:**

☐ **Urgent**        ☐ **For Review**        ☐ **Please Comment**        ☐ **Please Reply**

● **Comments:**

*This Message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect) and return the original message to us at the above address via the U.S. Postal Service.*

20042 Beach Boulevard, Huntington Beach, California 92648

```
********** ***** -COMM. JOURNAL- ***************** DATE MAR-14-2008 ***** TIME 14:35 ********

     MODE = MEMORY TRANSMISSION          START=MAR-14 14:28   END=MAR-14 14:35

        FILE NO.=191

STN   COMM.     ONE-TOUCH/   STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES     DURATION
NO.             ABBR NO.

001   OK        ⬛            15623668505                                 038/038   00:06:28


                                                      -Roberts & Adams          -

***** e-STUDIO190F **************** -Roberts & Adams - ***** -     714 698 0243- *********
```

## ROBERTS & ADAMS
### ATTORNEYS AT LAW

Drew Massey                                          Telephone: (714)-698-0239
Attorney at Law                                      Facsimile: (714)-698-0243
E-mail: dmassey@edattorneys.com                      www.edattorneys.com


## FAX TRANSMITTAL SHEET

**To:** Anahid Hoonanian

**From:** Drew Massey

**Fax:** (562)366-8505          **Pages:** 38 (w/cover)

**Phone:** (562)366-8500          **Date:** March 14, 2008

**Re:** B.M                      **CC:**

☐ **Urgent**     ☐ **For Review**     ☐ **Please Comment**     ☐ **Please Reply**

● **Comments:**

This Message is intended only for the use of the individual or entity to which it is addressed and may
contain information that is privileged, confidential and exempt from disclosure under applicable law. If the
reader of this message is not the intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this communication is strictly prohibited.  If you have received this
communication in error, please notify us immediately by telephone (collect) and return the original
message to us at the above address via the U.S. Postal Service.

20042 Beach Boulevard, Huntington Beach, California 92648

1  Timothy A. Adams, Esq. SBN 208637
   Jennifer J. Kropke, Esq. SBN 230303
2  Drew Massey, Esq. SBN 244350
   **ROBERTS & ADAMS**
3  20042 Beach Blvd.
   Huntington Beach, CA 92648
4  Telephone: (714) 698-0239
   Facsimile: (714) 698-0243
5
   Attorneys for Plaintiff
6  B.M., a minor child by and through R.M.

7

8                **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12  B.M. a minor child by and through R.M.   )   CASE NO.: 08-CV-412-L-JMA
                                             )
13              Plaintiff,                   )   **PROOF OF SERVICE**
                                             )
14                                           )
                                             )
15         vs.                               )
                                             )
16                                           )
    ENCINITAS UNION SCHOOL                   )
17  DISTRICT,                                )
                                             )
18                                           )
              Defendant.                     )
19                                           )
                                             )
20  _____    )

21

22         I, Heyman Hakimi, declare:

23

24         1. I am employed in the County of Orange, State of California.  I am over
25  the age of 18 years and not a party to the within action; my business address is 20042
    Beach Blvd, Huntington Beach, California 92648.
26  //
27  //
28

                                    **-1-**

2.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

3. On **March 17, 2008,** I served the foregoing documents described as

1) APPLICATION FOR ORDER SHORTENING TIME

2) CERTIFICATION IN SUPPORT OF APPLICATION FOR ORDER SHORTENING TIME

3) PROPOSED ORDER SHORTENING TIME FOR THE MOTION FOR STAY PUT

4) PLAINTIFF'S MOTICE AND NOTICE OF MOTION FOR "STAY PUT" PLACEMENT

5) PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF IT'S MOTION FOR "STAY PUT" PLACEMENT

6) DECLARATION OF JENNIFER J. KROPKE IN SUPPORT OF PLAINTIFF'S MOTION FOR "STAY PUT" PLACEMENT EXHIBIT "A

7) REQUEST FOR JUDICIAL NOTICE

4. I served these documents on the interested parties in this action **[X]** by placing **[ ]** the original **[X]** a true copy thereof enclosed in a sealed envelope addressed as stated below:

Anahid Hoonanian
Miller, Brown & Dannis
301 East Ocean Blvd.
Suite 1750
Long Beach, CA 90802

**PROOF OF SERVICE**

1

2  5. I faxed on this date the above document to the parties listed on the attached list.

3

4

5

6  DATED:   March __, 2008

7

8  _____

9  HEYMAN HAKIMI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

## Service List

2

3    Anahid Hoonanian                                    Facsimile:. (562)366-8505
     Miller, Brown & Dannis
4    301 East Ocean Blvd.
     Suite 1750
5    Long Beach, CA 90802

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**