SUE ANN SALMON EVANS, State Bar No. 151562
sevans@mbdlaw.com
DEBORAH L. UNGAR, State Bar No. 207763
dungar@mbdlaw.com
ANAHID HOONANIAN, State Bar No. 196679
ahoonanian@mbdlaw.com
MILLER BROWN & DANNIS
301 East Ocean Boulevard, Suite 1750
Long Beach, CA  90802
Telephone: (562) 366-8500
Facsimile: (562) 366-8505

Specially Appearing for
Defendant Encinitas Union School District

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M., a minor by and through R.M.,<br><br>        Plaintiff,<br><br>   v.<br><br>Encinitas Union School District,<br><br>        Defendant. | Case No.  08 CV 412 L JMA<br><br>**ENCINITAS UNION SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME FOR THE HEARING OF THE MOTION FOR STAY PUT PLACEMENT**<br><br>Dept  :    Courtroom 14<br>Judge :    Honorable M. James Lorenz<br><br>**Complaint Filed:  March 4, 2008**<br>**Complaint Served: March 6, 2008** |

COMES NOW, specially appearing defendant, Encinitas Union School District ("District") and files this Opposition To Plaintiff's Application For Order Shortening Time For The Hearing Of The Motion For Stay Put Placement as set forth below. The District submits this without waiver of any and all rights and without submitting to the jurisdiction of the Court.

1

## I. INTRODUCTION

The District was served with Plaintiff B.M., a minor by and through R.M. ("Plaintiff"), Complaint on March 6, 2008. Responsive pleadings are due on March 26, 2008. On Thursday, March 13, 2008, counsel for the District was notified by Plaintiff's counsel that Plaintiff intended to proceed on an application for order shortening time for the hearing of a motion for stay put placement.

The District is only specially appearing for purposes of opposing Plaintiff's Application for Order Shortening Time for the Hearing of a Motion for Stay Put Placement ("Application") and does so without waiver of any and all rights. As further discussed below, this Application must be denied as Plaintiff has failed to properly serve the Application, has failed to comply with notice requirements under Civil Rule 7.1, and, in addition to ignoring procedural requirements has filed a frivolous motion in that the District does not dispute that B.M. is entitled to the in-home ABA services as part of stay put, the District has continued to fund the in-home ABA services and has never threatened to terminate such services. Moreover, the Application and the timeframe proposed by Plaintiff are unreasonable.

## II. STATEMENT OF FACTS

B.M. is a four year-old boy eligible for special education and related services under the category of autistic-like behaviors. He received early intervention services from the San Diego Regional Center under Part C of the Individuals with Disabilities Education Act ("IDEA"), until his third birthday in July 2006, when transitioned to services under Part B of the IDEA. As part of his early intervention services, B.M. received in-home Applied Behavior Analysis ("ABA") therapy. The District conducted an initial assessment of B.M. in June 2006. Shortly thereafter, the District convened his initial Individualized Education Program ("IEP") meeting and determined he was eligible for special education and related services under the category of autistic-like behaviors.

B.M.'s parents disagreed with the District's initial IEP, and on September 22, 2006, sought a due process hearing (Office of Administrative Hearings ("OAH") Case No. N200690663). On January 12, 2007, the parties entered into a settlement agreement resolving the issues presented in the administrative complaint ("Settlement Agreement"). Pursuant to the Settlement Agreement, B.M.'s parents and the District agreed to the following services through Extended School Year ("ESY") 2007:

- • One hour per week of Adapted Physical Education ("APE") to be provided at the District's Flora Vista Elementary School ("Flora Vista");
- • Five hours per week of individual speech therapy to be provided at Flora Vista;
- • Two hours per week of individual occupational therapy ("OT") to be provided at Flora Vista;
- • Six hours per week of one-to-one pull-out ABA therapy and two hours per month of program supervision to be provided by District service providers at Flora Vista;
- • Twenty hours per week of in-home ABA to be provided by Bryce's then-current provider, Center for Autism and Related Disorders ("CARD");
- • Six hours per month of ABA program supervision to be provided by CARD;
- • Eight clinic sessions at Flora Vista.

(Settlement Agreement attached to Declaration of Anahid Hoonanian as Exhibit 4.)

Although Plaintiff unilaterally withdrew B.M. from his school-based program at Flora Vista Elementary School ("Flora Vista"), the District has continued to implement the January 2007 Settlement Agreement by funding B.M's in-home ABA program. The District has continued to do so because the Settlement Agreement calls for the provision of 20 hours per week of in-home services. As the District informed Plaintiff, the District expects Plaintiff to comply with the Settlement

Agreement by making B.M. available to receive related services, including school-based ABA, at Flora Vista.

Despite Plaintiffs failure to make B.M. available for the agreed school based services, the District has continued to fund B.M.'s 20 hour per week in-home ABA program. The District has neither terminated nor threatened to terminate payment for the in-home ABA program. As such, in addition to being procedurally improper, the Application and motion for stay put are frivolous.

### III. ARGUMENT

#### A. Plaintiff Has Failed to Properly Serve Application on the District, and therefore, there is no Jurisdiction over the District

On March 6, 2008, the District was served with Plaintiff's Complaint. Responsive pleading is not due until March 26, 2008. The District has not appeared in the action yet and is not scheduled to appear in the action until March 26, 2008.

Counsel for Plaintiff has not properly served the Application or the motion on the District. While Plaintiff's counsel has provided counsel for the District with copies of the Application via facsimile and U.S. Mail, service upon the District has not been attempted or accomplished. Via letters dated March 14, 2008, and March 17, 2008, counsel for the District informed Plaintiff's counsel that the District has not yet appeared in this action, and as such, the only means for Plaintiff to accomplish service upon the District is by personal service upon the District, not facsimile or mail to counsel for the District. (Exhibits 1, 2 and 3 attached to Declaration of Anahid Hoonanian.) The Proof of Service attached to Plaintiff's Application demonstrates Plaintiff did not serve the District, but rather, simply faxed and mailed the documents to District counsel's office.

Thus, Plaintiff has not effectuated service of the documents in light of the fact that the District has not yet appeared in the action. The Proof of Service attached to the Application corroborates that Plaintiff has failed to properly serve the District.

4

ENCINITAS UNION SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME FOR THE HEARING OF THE MOTION FOR STAY PUT PLACEMENT

SF 303880v3

Plaintiff has failed to comply with Civil Rule 7.1 requiring the application "be served on all opposing parties." Accordingly, in absence of proper service, there is no jurisdiction over the District with respect to the Application and, should the Court consider and rule upon the Application, the District will be denied its due process.

### B. Plaintiff has failed to Provide Appropriate Notice of this Application and Motion

On Thursday, March 13, 2008, Drew Massey, counsel for Plaintiff, telephoned District counsel stating that he intended to proceed on an application for order shortening time for the hearing of a motion for stay put placement. In contravention to Civil Rule 7.1, counsel for Plaintiff did not state when or where an application and/or motion would be filed.

Via letter dated March 14, 2008, counsel for the District informed Plaintiff that in light of the fact that Mr. Massey would not disclose the basis for the motion, the District could not assess the request or the need for expedited hearing and would not agree to such. (Exhibit 1.) In the same letter, counsel for the District noted that the District does not see any dispute in stay put, as the last agreed upon placement is set forth in the January 2007 Settlement Agreement. (*Ibid.*)

Accordingly, Plaintiff has failed to comply with notice requirements pursuant to Rule 7.1, and the Court should deny the application to shorten time.

### C. Plaintiff's Application is Unnecessary Because the District Has Not Disputed the In-Home ABA Services as Stay Put

The Application to shorten time as well as the motion for stay put are wholly unnecessary because, contrary to Plaintiff's groundless assertions, the District has never stopped funding B.M.'s in-home ABA program nor ever suggested or threatened to stop providing/funding such services. B.M.'s stay put placement and

5

ENCINITAS UNION SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME FOR THE HEARING OF THE MOTION FOR STAY PUT PLACEMENT

SF 303880v3

services are those set out in the Settlement Agreement, including the 20-hours on in-home ABA services as well as B.M.'s school-based services. In the Declaration of Jennifer J. Kropke in Support of Plaintiff's Motion for "Stay Put" Placement, counsel for Plaintiff deliberately misrepresents the District's position on stay put as evidenced by letter to which she cites. Contrary to Plaintiff's misrepresentations, nowhere in the District's February 20, 2008 letter does the District state that it would not provide stay put services.

The District's February 20th letter specifically states the District will continue to implement the January 2007 Settlement Agreement (which calls for the funding of 20-hours per week of in-home ABA services) even though Plaintiff has stopped honoring its obligations under the same Settlement Agreement. Therefore, Plaintiff's Application to shorten time and his stay put motion are frivolous and should be denied. (See Plaintiff's Exhibit A to Declaration Kropke in support of Application.)

### D.  Plaintiff's Proposed Timeline in the Application is Unreasonable

In the Application filed March 18, 2008, Plaintiff proposes the following briefing and hearing schedule:

Motion and supporting papers filed March 18, 2008;

Opposition and supporting papers filed March 24, 2008;

Reply and supporting papers filed March 26, 2008;

Hearing on March 31, 2008.

Plaintiff's proposed schedule is wholly unreasonable as it calls for the motion papers to be deemed served on March 18, 2008, despite the fact that Plaintiff has yet to serve the District. Further, the proposed schedule calls for the District to file its opposition on March 24, 2008, before the District is scheduled to appear in the action for the first time via its responsive pleadings, due on March 26, 2008. Accordingly, the Application must be denied.

6

ENCINITAS UNION SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME FOR THE HEARING OF THE MOTION FOR STAY PUT PLACEMENT

SF 303880v3

### E. Plaintiff's Failure to Comply with Procedural Requirements Coupled with Filing a Frivolous Motion is Sanctionable

Plaintiff has failed to comply with procedural requirements by refusing to properly serve the District and by seeking a briefing schedule that would force the District to respond to its frivolous motion before the District is scheduled to appear in the action. Plaintiff's motion is frivolous, because Plaintiff deliberately misstate the facts when they assert the District "is refusing to provide" stay put services and placement. It is baffling why B.M.'s parents are allegedly funding in-home ABA services, when the District has continued to make payments on invoices received from the in-home ABA service provider. Indeed, the District notes that there is no declaration attesting to such payment offered by B.M's parents to support this assertion. The District has never suggested that it would not fund the services nor threatened to cease funding the in-home ABA services.

Plaintiff mischaracterizes the District's position on stay put by stating in the Declaration of Jennifer J. Kropke that the District's February 20, 2008 letter states the District "refused to provide" stay put services. The plain language of the February 20, 2008 letter states: (1) The District agrees that once B.M. appeals the administrative hearing decision, B.M. is entitled to stay put; (2) Even though Plaintiff is in breach of the January 2007 Settlement Agreement, *the District intends to continue implementing the January 2007 Agreement, as it has continued to do so since its full execution*. (See Plaintiff's Exhibit A to Kropke Declaration in support of Application; emphasis added.)

Nowhere does the letter state the District is refusing to provide stay put services or that the District will only provide stay put services if Plaintiff's make B.M. available for services at Flora Vista pursuant to the Settlement Agreement. Rather, the District advised Plaintiff's counsel that if B.M.'s parents continue to refuse to comply with the Settlement Agreement, the District would consider all of

its options, including an action to enforce the terms of the Agreement. Plaintiff's misrepresentation of the District's position on stay put coupled with Plaintiff's flagrant failure to comply with procedures is sanctionable. The District requested that Plaintiff's withdraw the Application by letter dated March 19, 2008. (See Exhibit 5 hereto.)

## IV. CONCLUSION

Based on the foregoing, the District respectfully requests that the Court deny Plaintiff's Application and award the District its costs associated with specially appearing to oppose the frivolous Application.

DATED: March 19, 2008

MILLER BROWN & DANNIS
SUE ANN SALMON EVANS
DEBORAH L. UNGAR
ANAHID HOONANIAN

By: s/
SUE ANN SALMON EVANS
Attorneys for Defendant
Encinitas Union School District

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 301 East Ocean Boulevard, Suite 1750, Long Beach, CA 90802.

**On the date set forth below I served the foregoing document described as ENCINITAS UNION SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME FOR THE HEARING OF THE MOTION FOR STAY PUT PLACEMENT** on interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

☒ **(VIA U.S. MAIL)** I caused such document to be placed in the U.S. Mail at Long Beach, California with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the addressee from the facsimile machine of Miller Brown & Dannis whose phone number is (562) 366-8505. The transmission by facsimile was reported as complete and without error

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

☐ **(VIA OVERNIGHT MAIL)** I caused such envelope to be deposited at an authorized "drop off" box on that same day with delivery fees fully provided for at 301 East Ocean Boulevard, Suite 1750, Long Beach, CA 90802, in the ordinary course of business.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on March 19, 2008 at Long Beach, California.

Penny Curtis
Type or Print Name                                    Signature

Service List

Timothy A. Adams, Esq.
Roberts & Adams
20042 Beach Blvd.
Huntington Beach, CA 92648

10

ENCINITAS UNION SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME FOR THE HEARING OF THE MOTION FOR STAY PUT PLACEMENT

SF 303880v3