Timothy A. Adams, Esq. SBN 213896
Jennifer J. Kropke, Esq. SBN 230303
Drew Massey, Esq. SBN 244350
**ROBERTS & ADAMS**
20042 Beach Blvd.
Huntington Beach, CA 92648
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiff
B.M., a minor child by and through R.M.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M. a minor child by and through R.M. | CASE NO.: 08-CV-412-L-JMA |
| Plaintiff, | **PLAINTIFF'S REPLY TO THE DEFENDANT'S OPPOSITION TO THE APPLICATION FOR ORDER SHORTENING TIME FOR THE HEARING OF THE STAY PUT MOTION** |
| vs. | |
| ENCINITAS UNION SCHOOL DISTRICT, | |
| Defendant. | Judge: Honorable M. James Lorenz<br>Location: Courtroom 14 |

PLAINTIFF, B.M., by and through his attorneys, Roberts & Adams, hereby submits this Reply to the Defendant's Opposition to the Application for Order Shortening Time for the Hearing of the Stay Put Motion. On March 18, 2008, Plaintiff file his Application for an Order Shortening Time. That filing was rejected due to a discrepancy and re-filed on March 19, 2008. Defendant responded on March 29, 2008,

-1-
REPLY TO THE DEFENDANT'S OPPOSITION TO THE
APPLICATION FOR ORDER SHORTENING TIME
CASE NO.: 08-CV-412-L-JMA

and made numerous false allegations and misrepresentations of law. This Reply follows.

## I.
## INTRODUCTION

The Encinitas Union School District's ("District") Opposition relies on erroneous legal argument, a misrepresentation of facts, and an equitable plea. The District's argumentation related to proper service is completely contrary to the Federal Rules of Civil Procedure and, indeed, contrary even to the local rule that they cite (their only cited authority for the prospect that all papers must be personally served).

The District blatantly misrepresented the facts of the case. District's counsel, Anahid Hoonanian, via declaration, alleges that the District has continued to provide the in-home Applied Behavior Analysis ("ABA") services at issue in the Motion for Stay Put. As demonstrated by the concurrently filed Declaration of Nicole Simpson, B.M.'s parents were responsible for payment of the in-home ABA services until the District, on March 20, 2008 (the day *after* the District's representations), agreed to assume responsibility.

Finally, the District makes an equitable plea that the proposed hearing schedule is unreasonable. A balancing of the equities shows that any equitable considerations should lay in favor of B.M. However, even if the Court is inclined to extend the proposed briefing schedule, that would only result in a brief extension, rather than a complete denial as the District requests.

## II.
## ARGUMENT

A. Plaintiff has Properly Served all Papers in this Action.

The District contends that Plaintiff has not properly served the Defendant because, according to the Defendant, the only proper method of service is "personal service upon the District" until the District files its Answer. (Opposition, 4:21). For

support, the District cites to Local Civil Rule 7.1 which requires that motion paperwork be "served on all opposing parties." Civil Rule 7.1(e)(5). However, the District's citation is irrelevant to the point for which it cites it. Civil Rule 7.1 states only that the papers must be "served." It does not specify personal service as a method for delivering the applications or other motion paperwork.

Indeed, the District's assertion that it must be personally served by all documents until the Answer is filed is entirely groundless. The Federal Rules of Civil Procedure specifically differentiate between the service of the Summons (Rule 4) and the service of other documents, including Motions (Rule 5). Only the Summons, along with a copy of the Complaint, need be personally served on the Defendant. By contrast, Rule 5 applies to written motions. FRCP 5(a)(1)(D). Papers under Rule 5 must be served on the attorney of a party if they are represented unless the Court directs otherwise. FRCP 5(b)(1). Here, there has been no order to serve the party directly. Finally, Rule 5 specifically allows service by mail to the last known address of the attorney, upon which service is complete upon mailing. FRCP 5(b)(2)(C). As such, mailing the documents to the District's counsel is an appropriate and sufficient means of service of all documents. The District's contentions otherwise are simply without merit and frivolous.

### B. Plaintiff Provided Appropriate and Adequate Notice of the Application for an Order Shortening Time.

The District asserts that counsel for the Plaintiff telephoned District counsel, but did not state when or where an application and/or Motion would be filed. However, the District's citation to Local Rule 7.1 again actually supports Plaintiff's actions. "All applications for orders shortening time under these rules shall be submitted ex parte, be accompanied by a proposed order, and be served on all opposing parties." Local Civil Rule 7.1(e)(5).

-3-
REPLY TO THE DEFENDANT'S OPPOSITION TO THE
APPLICATION FOR ORDER SHORTENING TIME
CASE NO.: 08-CV-412-L-JMA

In this case, Plaintiff's counsel contacted the Defendant's counsel, as admitted by Defendant, and informed them that the Application for an Order Shortening Time would follow. Thereafter, the Application was properly served by facsimile (as a courtesy) and by U.S. Mail (in compliance with FRCP 5). Because this Application was submitted without a hearing date, there was no "when or where" of which to inform the District. Because no oral hearing has occurred on this Application, the District is not prejudiced by Plaintiff's counsel's alleged failure to inform them of such.

### C. The District had Ceased Providing the In-Home ABA Services.

In a desperate attempt to re-write the facts of this case, the District asserted that they had, in fact, been paying for the in-home ABA services in accordance with the stay-put provision of 20 U.S.C. § 1415(j). (Opposition, 5:26-28). This statement also appears in the Declaration of Anahid Hoonanian signed under penalty of perjury on March 19, 2008. (Declaration of Anahid Hoonanian, ¶ 13). However, this is simply a bold misrepresentation to this Court.

It should be noted, that the District faults Plaintiff for submitting "no declaration attesting to [payment of the ABA services] offered by B.M.'s parents to support [that] assertion." (Opposition, 7:11-13). Hypocritically, the District offers no declaration from any employee stating that the District has paid for the services. Concurrent with this Reply, however, Plaintiff is submitting the Declaration of Nicole Simpson, attesting to the fact that B.M.'s parents have borne the responsibility of funding the in-home ABA services that are the District's obligation until the District belatedly agreed to assume that responsibility on March 20, 2008. Indeed, in light of these Declarations and supporting documentation, the District's assertions are revealed as blatant and unethical misrepresentations to this Court.

The District informed CARD that they would no longer be providing services. (Declaration of Nicole Simpson [hereinafter "Simpson Decl."], ¶ 3). Parents

-4-
REPLY TO THE DEFENDANT'S OPPOSITION TO THE
APPLICATION FOR ORDER SHORTENING TIME
CASE NO.: 08-CV-412-L-JMA

were then required to contract directly with CARD for such services and were informed that they would be responsible for payment. (Simpson Decl., ¶ 4). Although the District now argues that their February 20, 2008 letter agreed to provide fund such services, its actions in informing CARD that it would not be funding the services speak louder than the contorted interpretation now presented by the District. It is important to note that the February 20, 2008 letter came in response to a request for assurances that the in-home ABA program would be provided. Rather than agree to provide the ABA services, the District specifically stated that, "we disagree that stay-put is limited to those services preferred by [B.M.'s] parents." It continued, "your clients are not entitled … to [choose] to receive only the in-home ABA services rather than all services under the Agreement." This language, combined with the District's actions up to and including the date of its Opposition demonstrates that the parents were justifiably concerned that they would be forced to illegally incur the costs of these services.

As can be seen in the Declaration of Nicole Simpson, it is a blatant misrepresentation for the District to state, "the District has never stopped funding B.M.'s in-home ABA program nor ever suggested or threatened to stop providing/funding services." (Opposition, 5:26-28). This District's attempt to cast blame on other parties through misrepresentation is shameful and unethical. Only after the District filed their Opposition, and only after these necessary and reasonable Motions against them, has the District finally agreed to assume its responsibility to fund the stay-put, in-home ABA services. (Simpson, Decl., ¶ 6).

D. Plaintiff's Proposed Timeline is Reasonable and Necessary.

The District makes the equitable argument that the proposed briefing schedule is unreasonable. They base this assertion on the fact that the District would be required to provide an opposition on March 24, 2006 – two days before the deadline for filing their answer. The two filings, an Opposition to a Motion and an Answer, are

unrelated and one should not preclude the other. Moreover, in numerous places in their Opposition, the District now admits that, "B.M. is entitled to stay put ... [and] the District intends to continue implementing the January 2007 Agreement..." (Opposition, 7:18-21). As such, the District appears to be admitting that the Motion is not frivolous and that they will be filing nothing more than a non-opposition paper at that time. If that is indeed the case, then there is little to no harm in the District's filing of such paper.

By contrast, every week that the District is able to prolong resolution of this matter costs the parents over one thousand dollars as they continue to provide their child's services. The District's effort to stall the hearing of this Motion, especially in light of their blatant misrepresentations, is nothing more than an attempt to win a war of attrition in which the Plaintiffs have more modest means and much greater costs. The balance of equities weighs heavily in favor of Plaintiffs.

However, even if this Court believes that equitable considerations require more time in the proposed schedule, that is not a bar to the Application for an Order Shortening Time. Instead, this Court is free to modify the proposed order to fit a schedule that the Court believes is equitable. Any argument that the proposed schedule is unreasonable is an argument only to provide a brief extension, and not to a denial of the Application in its entirety.

E. The District Falsely Raises the Specter of Sanctions.

The District, in an effort to bolster their meritless assertions which are devoid of any legal citation or analysis, simply states that sanctions are warranted, as though the mere invocation of sanctions has a talismanic effect on the veracity of the remainder of its claims. The District concludes that sanctions may be warranted because: (1) The District agrees that B.M. is entitled to stay-put; and (2) the District has continued to fund in-home ABA as part of that stay-put. However, as noted above,

the District's second prong to their sanctions argument, at least at the time it was made, was simply a misrepresentation to this tribunal.

As noted in the Declarations of Nicole Simpson, the District ceased funding of the in-home ABA program and only after the filing of the stay put Motion, and the District's Opposition to the Application for an Order Shortening Time, did the District agree to fund those services. Instead, B.M.'s parents have been the obligors on the debt to pay CARD for the in-home ABA services that were rendered. If there is any sanctionable conduct, it is the District's willful misrepresentations that it has continued providing services when it clearly had refused to do so.

### III.
### CONCLUSION

In light of the foregoing, and contingent on the District's March 20, 2008 agreement to fund the in-home program (an agreement that came only after the initiation of Court proceedings), Plaintiff withdraws his Motion for Stay-Put as well as the Application for an Order Shortening Time on such Motion.

DATED:   March 20, 2008                    ROBERTS & ADAMS

                                           By:    s/ Drew Massey

                                               Timothy A. Adams
                                               Jennifer J. Kropke
                                               Drew Massey
                                               Attorneys for Plaintiff B.M., by and through R.M.