SUE ANN SALMON EVANS, State Bar No. 151562
sevans@mbdlaw.com
DEBORAH L. UNGAR, State Bar No. 207763
dungar@mbdlaw.com
ANAHID HOONANIAN, State Bar No. 196679
ahoonanian@mbdlaw.com
MILLER BROWN & DANNIS
301 East Ocean Boulevard, Suite 1750
Long Beach, CA  90802
Telephone: (562) 366-8500
Facsimile: (562) 366-8505

Attorneys for Defendant Encinitas Union School District

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M., a minor by and through R.M., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>Encinitas Union School District, <br><br>　　　　Defendant. | Case No.  08 CV 412 L JMA <br><br>**ANSWER OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT TO COMPLAINT FOR APPEAL FROM AN OFFICE OF ADMINISTRATIVE HEARINGS DECISION UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT [20 U.S.C. § 1400 et seq.]** <br><br>Dept　:　　Courtroom 14 <br>Judge　:　　Honorable M. James Lorenz <br><br>**Complaint Filed:  March 4, 2008** <br>**Complaint Served: March 6, 2008** |

　　　　COMES NOW, defendant, Encinitas Union School District ("defendant") and answers plaintiff's, B.M., a minor, by and through R.M., his guardian ad litem, Complaint for Appeal from an Office of Administrative Hearings Decision Under the Individuals with Disabilities Education Act ("Complaint") as follows:

　　　　1.　　In response to paragraph 1, defendant admits that plaintiff contends that this action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. and related California law.  Defendant further admits that on January 30, 2008, Administrative Law Judge ("ALJ") Stella Owens-

1

ANSWER OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT TO COMPLAINT

Murrell issued an administrative hearing decision adverse to plaintiff. Except as so admitted, defendant denies each and every allegation contained in paragraph 1.

2. In response to paragraph 2, defendant admits that Congress enacted the IDEA (formerly known as the Education for All Handicapped Children Act) in 1975 to ensure that all children with qualifying disabilities receive a free appropriate public education ("FAPE"). Defendant further admits that Congress reauthorized the IDEA twice - in 1997 and 2004. Defendant admits that Congress set forth its findings and purpose for the IDEA when it reauthorized the Act in 1997 but denies each and every allegation contained in paragraph 2 which is inconsistent with the language, findings and purpose of the IDEA as stated therein. Defendant also admits that Congress set forth its findings and purpose of the IDEA when it reauthorized the Act in 2004 but denies each and every allegation contained in paragraph 2 which is inconsistent with the language and/or purpose of the IDEA as stated therein. Except as so admitted, defendant denies each and every allegation contained in paragraph 2.

3. In response to paragraph 3, defendant admits 20 U.S.C. § 1414(d) sets forth the requirements for individualized education programs ("IEP") and denies each and every allegation contained in paragraph 3 which is inconsistent with the language of the statute and/or requirements for IEPs. Except as so admitted, defendant denies each and every allegation contained in paragraph 3.

4. In response to paragraph 4, defendant admits that *Adams v. Oregon*, 195 F.3d 1141 (9th Cir. 1999) speaks for itself and denies each and every allegation contained in paragraph 4. Except as so admitted, defendant denies each and every allegation contained in paragraph 4.

5. In response to paragraph 5, defendant admits that 20 U.S.C. § 1412(a)(5) and 34 C.F.R. §§ 300.114(a)(2)(i) set forth IDEA's Least Restrictive Environment ("LRE") requirements, and that the statute and regulations speak for themselves. Defendant also admits that *Sacramento City Unified Sch. Dist. v.*

*Rachel H.*, 14 F.3d 1398, 1404 (9th Cir. 1994) speaks for itself and denies each and every allegation contained in paragraph 5 which is inconsistent with these statutory provisions.  Except as so admitted, defendant denies each and every allegation contained in paragraph 5.

6.   In response to paragraph 6, defendant admits that *School Committee of the Town of Burlington v. Department of Education*, 471 U.S. 359 (1985) speaks for itself and denies each and every allegation contained in paragraph 6.  Except as so admitted, defendant denies each and every allegation contained in paragraph 6.

7.   In response to paragraph 7, defendant admits that 34 C.F.R. § 300.502 sets forth the requirements for a parent request for an independent educational evaluation ("IEE") and denies each and every allegation contained in paragraph 7 which is inconsistent with the legal requirements for IEEs.  Except as so admitted, defendant denies each and every allegation contained in paragraph 7.

8.   In response to paragraph 8, defendant admits that 20 U.S.C. § 1415 sets forth the due process procedures and denies each and every allegation contained in paragraph 8 which is inconsistent with the due process procedures.  Defendant further admits that the Office of Administrative Hearings ("OAH") conducts due process hearings in California.  Except as so admitted, defendant denies each and every allegation contained in paragraph 8.

9.   In response to paragraph 9, defendant admits that 20 U.S.C. § 1415 (i)(3) sets out IDEA's provisions regarding attorneys' fees and denies each and every allegation contained in paragraph 9.  Except as so admitted, defendant denies each and every allegation contained in paragraph 9.

10.   In response to paragraph 10, defendant admits that 20 U.S.C. § 1415(i) and 34 C.F.R. § 300.516 set out the appeal of administrative hearing decisions under the IDEA and denies each and every allegation contained in paragraph 10 which is inconsistent with these provisions.  Except as so admitted, defendant denies each and every allegation contained in paragraph 10.

11. In response to paragraph 11, defendant admits plaintiff is a child with a disability and is eligible for special education and related services under the IDEA and California Education Code. Defendant is informed and believes that plaintiff resides with his parents within the boundaries of California, County of San Diego and the boundaries of defendant. Except as so admitted, defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint. Except as so admitted, defendant denies each and every allegation contained in paragraph 11.

12. In response to paragraph 12, defendant admits the allegations contained therein.

13. In response to paragraph 13, defendant admits that on June 25, 2007, the District initiated a due process hearing in *Encinitas Union School District v. Student*, OAH Case No. N2007060731, to seek a determination from OAH regarding the appropriateness of its April 2007 assessments. Except as so admitted, defendant denies each and every allegation contained in paragraph 13.

14. In response to paragraph 14, defendant admits that on August 9, 2007, the District requested a due process hearing regarding the appropriateness of the District's FAPE offer for the 2007-2008 school year, as set out in the May 30, 2007 IEP. Defendant also admits that the matter was captioned as *Encinitas Union School District v. Student*, OAH Case No. N2007080304. Except as so admitted, defendant denies each and every allegation contained in paragraph 14.

15. In response to paragraph 15, defendant admits that the ALJ issued an Order to consolidate dated August 23, 2007. Except as so admitted, defendant denies each and every allegation contained in paragraph 15.

16. In response to paragraph 16, defendant admits the allegations contained therein.

17. In response to paragraph 17, defendant admits that plaintiff asserts an "actual controversy" and has exhausted administrative remedies for purposes of

seeking reversal of the resulting administrative decision. Except as so admitted, defendant denies each and every allegation contained in paragraph 17.

18. In response to paragraph 18, defendant admits that plaintiff seeks reversal of the Decision pursuant to 20 U.S.C. § 1415. Except as so admitted, defendant denies each and every allegation contained in paragraph 18.

19. In response to paragraph 19, defendant restates its responses to paragraphs 1 through 18, inclusive, and incorporates each of them as though fully set forth herein.

20. In response to paragraph 20, defendant admits that Plaintiff is a minor who is eligible for special education and related services under the IDEA and California Education Code under the category of "autistic like behaviors". Except as so admitted, defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint. Except as so admitted, defendant denies each and every allegation contained in paragraph 20.

21. In response to paragraph 21, defendant admits that the Transdisciplinary Reevaluation of Student dated April 14, 2007 speaks for itself and denies each and every allegation contained in paragraph 21 which is inconsistent with this document. Except as so admitted, defendant denies each and every allegation contained in paragraph 21.

22. In response to paragraph 22, defendant admits that Parents disagreed with the District's April 2007 assessment. Except as expressly admitted, defendant denies each and every allegation contained in paragraph 22.

23. In response to paragraph 23, defendant admits that the Parents wrote the District on or about June 6, 2007 and that the June 6, 2007 correspondence speaks for itself. The District further admits that it filed for due process. Except as expressly admitted, defendant denies each and every allegation contained in paragraph 23.

24. In response to paragraph 24, defendant admits the IEP dated May 30, 2007 speaks for itself and denies and each every allegation contained in paragraph 24 which is inconsistent with the IEP document. Except as so admitted, defendant denies each and every allegation contained in paragraph 24.

25. In response to paragraph 25, defendant admits that B.M. presents with several characteristics of suspected verbal Apraxia and oral-motor Apraxia. Except as so admitted, defendant denies each and every allegation contained therein.

26. In response to paragraph 26, defendant denies each and every allegation contained therein.

27. In response to paragraph 27, defendant admits that it filed a second administrative action and that the filing speaks for itself. Except as so admitted, defendant denies each and every allegation contained in paragraph 27.

28. In response to paragraph 28, defendant admits that Parents removed Student from the District's program, asked the District to continue funding in-home ABA services, and notified the District they would obtain private related services and seek reimbursement from the District. Except as so admitted, defendant denies each and every allegation contained in paragraph 28.

29. In response to paragraph 29, defendant admits that the Hearing Officer found that Plaintiff did not prevail on any issue. Except as so admitted, defendant denies each and every allegation contained in paragraph 29.

30. In response to paragraph 30, defendant denies each and every allegation contained therein, including each subsection therein.

31. In response to paragraph 31, defendant denies each and every allegation contained therein .

32. In response to paragraph 32, defendant denies each and every allegation contained therein.

33. In response to paragraph 33, defendant admits that plaintiff has exhausted administrative remedies for purposes of seeking reversal of the resulting administrative decision. Except as so admitted, defendant denies each and every allegation contained in paragraph 33.

## FIRST CAUSE OF ACTION

34. In response to paragraph 1 of the First Cause of Action, defendant denies each and every allegation contained therein.

35. In response to paragraph 2 of the First Cause of Action, defendant denies each and every allegation contained therein.

36. In response to paragraph 3 of the First Cause of Action, defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

In response to each and every prayer and wherefore clause in the Complaint, defendant denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, the District prays for judgment against Plaintiff that:

1. Plaintiff take nothing by reason of his complaint;

2. The District be awarded its attorneys' fees, costs and expenses of suit; and

3. For such other and further relief as the Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that the Complaint and each and every claim for relief thereof fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that plaintiff lacks standing to bring his Complaint.

## THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that plaintiff is barred and precluded from any relief in this action under the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that plaintiff is barred and precluded from any relief in this action under and by virtue of the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that plaintiff has waived any right to recover against defendant.

## SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that plaintiff is estopped from recovering against defendant.

///
///
///

## SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that defendant has complied with all applicable laws and regulations and therefore plaintiff is not entitled to any relief under the Complaint or any claim for relief contained therein.

## EIGHTH AFFIRMATIVE DEFENSE

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, defendant asserts all defenses available to it pursuant to Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that plaintiff has failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, the California Administrative Law Judge properly determined that Defendant prevailed on all issues.

## ELEVENTH AFFIRMATIVE DEFENSE

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, plaintiff's claims are barred by the failure to comply with Education Code section 56505.

///
///
///

## TWELFTH AFFIRMATIVE DEFENSE

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, plaintiff's claims are barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that plaintiff has failed to exhaust his administrative remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, the California Office of Administrative Hearings and the Administrative Law Judge properly conducted a fair and impartial hearing and properly complied with all legal mandates in the conduct of the hearing.

## FIFTEENTH AFFIRMATIVE DEFENSE

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, the California Office of Administrative Hearings and Administrative Law Judge's Decision is supported by the evidence and complies with all relevant law.

## SIXTEENTH AFFIRMATIVE DEFENSE

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that the California Office of Administrative Hearings and Administrative Law Judge's Decision is

entitled to substantial weight as the hearing officer was careful, impartial, and sensitive to the complexities of the issues presented.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that the California Office of Administrative Hearings and Administrative Law Judge's Decision is properly upheld as the findings and conclusions of the decision are supported by the preponderance of the evidence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that the California Office of Administrative Hearings and Administrative Law Judge's Decision is based upon thorough and careful findings and is entitled to deference.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, plaintiff's claims are barred as plaintiff has entered into a settlement agreement with defendant.

DATED: March 26, 2008

MILLER BROWN & DANNIS
SUE ANN SALMON EVANS
DEBORAH L. UNGAR
ANAHID HOONANIAN


By:   s/
SUE ANN SALMON EVANS
DEBORAH L. UNGAR
ANAHID HOONANIAN
Attorneys for Defendant
Encinitas Union School District

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 301 East Ocean Boulevard, Suite 1750, Long Beach, CA 90802.

On the date set forth below I served the foregoing document described as **ANSWER OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT TO COMPLAINT** on interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

☐ **(VIA U.S. MAIL)** I caused such document to be placed in the U.S. Mail at Long Beach, California with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the addressee from the facsimile machine of Miller Brown & Dannis whose phone number is (562) 366-8505. The transmission by facsimile was reported as complete and without error

☒ **BY ELECTRONIC SERVICE**: I caused the above-entitled document to be sent to Tim Adams of Roberts & Adams, lead counsel for plaintiffs and counterdefendant, via e-service at the recipient's office. This service complies with C.C.P. § 1010.6..

☐ **(VIA OVERNIGHT MAIL)** I caused such envelope to be deposited at an authorized "drop off" box on that same day with delivery fees fully provided for at 301 East Ocean Boulevard, Suite 1750, Long Beach, CA 90802, in the ordinary course of business.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on March 26, 2008 at Long Beach, California.

Penny Curtis                              s/_____
Type or Print Name                        Signature

12
ANSWER OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT TO COMPLAINT

SF 302809v1

Service List

Tim Adams
Drew Massey
Jennifer Jean Kropke
Roberts & Adams
20042 Beach Blvd.,
Huntington Beach, CA 92648

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

SF 302809v1

13

ANSWER OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT TO COMPLAINT