SUE ANN SALMON EVANS, State Bar No. 151562
sevans@mbdlaw.com
DEBORAH L. UNGAR, State Bar No. 207763
dungar@mbdlaw.com
ANAHID HOONANIAN, State Bar No. 196679
ahoonanian@mbdlaw.com
MILLER BROWN & DANNIS
301 East Ocean Boulevard, Suite 1750
Long Beach, CA 90802
Telephone: (562) 366-8500
Facsimile: (562) 366-8505

Attorneys for Defendant Encinitas Union School District

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M., a minor by and through R.M., <br><br> Plaintiff, <br><br> v. <br><br> Encinitas Union School District, <br><br> Defendant. <br> ———————————————— <br><br> Encinitas Union School District, <br><br> Counterclaimant, <br><br> v. <br><br> B.M., a minor by and through R.M., <br><br> Counterdefendant. | Case No. 08 CV 412 L JMA <br><br> **COUNTERCLAIM OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT AGAINST B.M., A MINOR BY AND THROUGH R.M., RE APPEAL FROM AN OFFICE OF ADMINISTRATIVE HEARINGS DECISION UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT [20 U.S.C. § 1400 et seq.]** <br><br> Dept : Courtroom 14 <br> Judge : Honorable M. James Lorenz <br><br> **Complaint Filed: March 4, 2008** <br> **Complaint Served: March 6, 2008** |

## INTRODUCTORY STATEMENT

1.    The Encinitas Union School District ("Counterclaimant" or "District") counter claims against Plaintiff B.M., a minor, by and through R.M., his guardian ad litem, and against B.M.'s parents, R.M. and N.M., for breach of settlement agreement, declaratory relief, and injunctive relief.

1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Counterclaimant's claims for relief under the IDEA, 20 U.S.C. sections 1415(i)(2)(A) and 1415(i)(3)(A) and for declaratory relief, pursuant to 28 U.S.C. section 2201(a), and all claims pursuant to 28 U.S.C. section 1331.

3.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. section 1391(b) as the violations alleged herein occurred within the State of California and within the geographical borders of the Southern District of California, and the Counterdefendants reside within that District.

## PARTIES

4.     Counterclaimant Encinitas Union School District is a school district organized and existing under California law, with its principal offices in Encinitas, California.

5.     At all times herein mentioned, Counterdefendant, B.M., is a minor student residing within the County of San Diego, California.

6.     At all times herein mentioned, Counterdefendants R.M. and N.M. are the parents of B.M., and reside within the County of San Diego.

7.     Counterdefendants are liable for the acts herein alleged and the injuries flowing there from, in that Counterdefendants actually participated in the acts complained of, and/or condoned, approved, ratified, authorized, or allowed such acts.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.     B.M. is a four year-old boy eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA").  B.M. was diagnosed with Pervasive Developmental Disorder – Not Otherwise Specified ("PDD-NOS") at 23 months of age.  B.M. received early intervention services

2

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

from the San Diego Regional Center until he transitioned to services under Part B of the IDEA upon his third birthday in July 2006. As part of his early intervention services, B.M received in-home Applied Behavior Analysis ("ABA") therapy. The District conducted an initial assessment of B.M. in June 2006. Shortly thereafter, the District convened his initial individualized education program ("IEP") meeting and determined B.M. was eligible for special education and related services under the category of autistic-like behaviors.

9.    B.M.'s parents, R.M. and N.M., disagreed with the District's initial IEP, and on September 22, 2006, filed for a due process hearing, *[B.M.] v. Encinitas Union School District,* OAH Case No. N200690663. In November 2006, R.M. and N.M, on behalf of B.M., participated in mediation with the District and reached agreement to resolve the issues in OAH Case No. N200690663. On January 12, 2007, the District and Counterdefendants entered into a written settlement agreement ("Agreement"). A copy of the Agreement is attached hereto as Exhibit 1, and incorporated herein by reference. Pursuant to the Agreement, B.M., R.M. and N.M. waived all claims under the IDEA through the date of the Agreement. In addition, as part of the Agreement, Counterdefendants and the District agreed to the following services through Extended School Year ("ESY") 2007:

•    One hour per week of Adapted Physical Education ("APE") to be provided at Flora Vista Elementary School ("Flora Vista");

•    Five hours per week of individual speech therapy to be provided at Flora Vista;

•    Two hours per week of individual occupational therapy ("OT") to be provided at Flora Vista;

•    Six hours per week of one-to-one pull-out ABA therapy and two hours per month of program supervision to be provided by District service providers at Flora Vista;

COUNTERCLAIM OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

1    • Twenty hours per week of in-home ABA to be provided by B.M.'s

2 then-current provider, Center for Autism and Related Disorders ("CARD");

3    • Six hours per month of ABA program supervision to be provided by

4 CARD;

5    • Eight clinic sessions at Flora Vista.

6    10.    Upon execution of the Agreement, on January 16, 2007, OAH

7 dismissed OAH Case No. N2006090663.

8    12.    In compliance with the Agreement, the District conducted a

9 transdisciplinary reevaluation and presented its assessment report dated April 14,

10 2007, to the Counterdefendants. Pursuant to the Agreement, on May 30, 2007, the

11 District convened B.M.'s annual review. The IEP team reconvened on June 14,

12 2007 and again on June 21, 2007, when the IEP was concluded. Shortly after the

13 conclusion of the IEP, the District provided the Counterdefendants with a copy of

14 the May 30, 2007 annual IEP. Counterdefendants did not respond to District's

15 request for consent to the IEP.

16    13.    On June 6, 2007, prior to the completion of the annual IEP,

17 Counterdefendants notified the District of their disagreement with the District's

18 transdisciplinary reevaluation and requested Independent Educational Evaluations

19 ("IEE") at public expense. Via letter dated June 18, 2007, the District provided the

20 Counterdefendants with prior written notice denying their request for IEEs. On

21 June 25, 2007, the District initiated a due process hearing, *Encinitas Union School*

22 *District v. [B.M.]*, OAH Case No. N200706073, seeking a determination from

23 OAH regarding the appropriateness of the District's April 2007 assessment.

24    14.    On August 9, 2007, the District requested a due process hearing

25 regarding the appropriateness of the District's offer of a free appropriate public

26 education ("FAPE") for the 2007-2008 school year, *Encinitas Union School*

27 *District v. [B.M.]*, OAH Case No. N2007080304. OAH consolidated the two due

28 process hearing requests by order dated August 23, 2007.

4

15.    In or about late September or early October, B.M. stopped attending Flora Vista for his related services in violation of the Agreement.  The due process hearing convened on November 26, 2007.  OAH issued its decision on January 30, 2008, concluding that the District prevailed on all issues ("Decision").

16.    On March 4, 2008, B.M. appealed the OAH Decision by filing *B.M., a minor by and through R.M., Plaintiff v. Encinitas Union School District, Defendant, Case No. '08 CV 412 L JMA*.  Pursuant to federal special education law, unless the school district and parents agree otherwise, a special education student must remain in his or her present educational placement pending the completion of due process hearing procedures and/or appeal thereof.   (20 U.S.C. § 1415(j).) A pupil's "present educational placement" is generally considered the last agreed upon and implemented IEP prior to the dispute. (*Thomas v. Cincinnati Board of Educ.* (6th Cir. 1990) 918 F.2d 618, 625.)  The last agreed upon placement and implemented IEP prior to B.M.'s appeal is as set forth in the Agreement.

### FIRST CAUSE OF ACTION

**(Breach of Settlement Agreement as against all Counterdefendants and Request for Specific Performance of Settlement Agreement)**

17.    Counterclaimant hereby incorporates by reference paragraphs 1 through 16, inclusive, as though set forth here in full.

18.    Counterdefendants have breached the contractual Agreement dated January 12, 2007 in that, Counterdefendants, and each and of them, have refused and continue to refuse, to make B.M. available for special education programming as required by the Agreement and refuse to comply with the provisions of the contractual Agreement as they relate to good faith and fair dealing relative to making B.M. available to the District to allow special education services to be provided at the District school site as required by the Agreement.

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

5

COUNTERCLAIM OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT

19. Each of the above transgressions constitutes a breach of contract.

20. The District has met all obligations under the Agreement and seeks enforcement of the Agreement to allow the District to provide B.M.'s special education program as set forth in the Agreement.

21. As a proximate result of the conduct of Counterdefendants, they have breached the covenant of good faith and fair dealing, in that Counterdefendants have undertaken a course of conduct so as to interfere with the District's provision of special education programming as agreed to in the Agreement and have acted in a manner to thwart the orderly provision of the program by the District to B.M.

22. Because of the nature of the Agreement to provide special education services to meet IDEA requirements to B.M., monetary damages are inadequate and specific performance is required to provide the District with the benefit of the bargain under the Agreement.

## SECOND CAUSE OF ACTION
### (Declaratory Relief as against all Counterdefendants)

23. Counterclaimant incorporates by reference, each and every allegation previously set forth in the body of this Counterclaim as though fully set forth herein.

24. Pursuant to the contractual Agreement referenced within the body of this Counterclaim, the Counterdefendants, and each of them, were to make B.M. available to the District at the Flora Vista school site to allow the District to provide the educational programming as set forth fully in the Agreement.

25. The District contends that Counterdefendants have breached the Agreement by the failure to make B.M. available at the school site and have interfered with the District's ability to provide educational programming as set forth in the Agreement. The failure to make B.M. available for his program constitutes a breach of the Agreement, and as such, the District seeks an

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

6

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

adjudication of its rights as against Counterdefendants under the Agreement, and all applicable laws, regulations and policies, for the court to determine whether or not such breaches in fact had occurred. An actual controversy exists between the District and Counterdefendants with respect to these issues, for which the District seeks a judicial declaration of its rights under the Agreement and applicable law, should, these allegations and positions taken be in fact correct.

## THIRD CAUSE OF ACTION
### (Injunctive Relief as Against All Counterdefendants)

26.    Counterclaimant incorporates by reference, each and every allegation previously set forth in the body of this Counterclaim as though fully set forth herein.

27.    The District seeks injunctive relief to prohibit Counterdefendants from interfering with the District's ability to provide special educational programming to B.M. as set forth in the Agreement and to further compel Counterdefendants to make B.M. available for the agreed upon special education program as set forth in the Agreement.

28.    Because of the nature of the Agreement to provide a special education program to meet IDEA requirements to B.M., monetary damages are inadequate and specific performance is required to provide the District with the benefit of the bargain under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant prays that this Court:

1.    For specific performance relating to Counterdefendants, and each of them, of the obligations set forth in the Agreement;

2.    For injunctive relief;

3.    An adjudication of the rights and responsibilities of Counterclaimant

7

1   with respect to the transgressions of the Counterdefendants, and each of them, as

2   set forth in the second cause of action;

3       4.    For specific performance of the requirements of the Agreement;

4       5.    For cost of suit herein incurred;

5       6.    Award Counterclaimants reasonable attorneys fees, expenses and

6   costs; and

7       7.    Provide all such other and further relief as the Court may deem just

8   and proper.

9

10  DATED: March 26, 2008_____            MILLER BROWN & DANNIS
                                           SUE ANN SALMON EVANS
11                                         DEBORAH L. UNGAR
                                           ANAHID HOONANIAN
12

13

14                                         By:   _s/_____
                                           SUE ANN SALMON EVANS
15                                         DEBORAH L. UNGAR
                                           ANAHID HOONANIAN
16                                         Attorneys for Defendant
                                           Encinitas Union School District
17

18

19

20

21

22

23

24

25

26

27

28

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

8

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA                    )
                                                            )  ss.
3

COUNTY OF LOS ANGELES          )

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not
a party to the within action; my business address is: 301 East Ocean Boulevard, Suite 1750, Long
5    Beach, CA  90802.

6

On the date set forth below I served the foregoing document described as COUNTERCLAIM OF
DEFENDANT ENCINITAS UNION SCHOOL DISTRICT AGAINST B.M., A MINOR BY
7    AND THROUGH R.M., RE APPEAL FROM AN OFFICE OF ADMINISTRATIVE HEARINGS
DECISION UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT [20
8    U.S.C. § 1400 et seq.] on interested parties in this action by placing true copies thereof enclosed in
sealed envelopes addressed as follows:

9

### **SEE ATTACHED SERVICE LIST**

10

☐    **(VIA U.S. MAIL)** I caused such document to be placed in the U.S. Mail at Long Beach,
11        California with postage thereon fully prepaid.

12        I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day
13        in the ordinary course of business.  I am aware that on motion of party served, service is
presumed invalid if postal cancellation date or postage meter date is more than one day
14        after date of deposit for mailing in affidavit.

15    ☐    **(VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the
addressee from the facsimile machine of Miller Brown & Dannis whose phone number is
16        (562) 366-8505.  The transmission by facsimile was reported as complete and without
error

17

☒    **BY ELECTRONIC SERVICE**:  I caused the above-entitled document to be sent to Tim
18        Adams of Roberts & Adams,  lead counsel for plaintiffs and counterdefendant, via e-
service at the recipient's office.  This service complies with C.C.P. § 1010.6..

19

☐    **(VIA OVERNIGHT MAIL)** I caused such envelope to be deposited at an authorized
20        "drop off" box on that same day with delivery fees fully provided for at 301 East Ocean
Boulevard, Suite 1750, Long Beach, CA  90802, in the ordinary course of business.

21

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that
22        the foregoing is true and correct.

23    ☐    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
court at whose direction this service was made.

24

25    Executed on March 26, 2008 at Long Beach, California.

26    _____Penny Curtis_____          s/_____
            Type or Print Name                                              Signature
27

28

SF 302808v1        COUNTERCLAIM OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA  90802

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Service List

Tim Adams
Drew Massey
Jennifer Jean Kropke
Roberts & Adams
20042 Beach Blvd.,
Huntington Beach, CA 92648

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

SF 302808v1

COUNTERCLAIM OF DEFENDANT ENCINITAS UNION SCHOOL DISTRICT