1  SUE ANN SALMON EVANS, State Bar No. 151562
   sevans@mbdlaw.com
2  DEBORAH L. UNGAR, State Bar No. 207763
   dungar@mbdlaw.com
3  ANAHID HOONANIAN, State Bar No. 196679
   ahoonanian@mbdlaw.com
4  MILLER BROWN & DANNIS
   301 East Ocean Boulevard, Suite 1750
5  Long Beach, CA 90802
   Telephone: (562) 366-8500
6  Facsimile: (562) 366-8505

7  Attorneys for Defendant Encinitas Union School District

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 B.M., a minor by and through R.M.,          Case No.  08 CV 412 L JMA

12         Plaintiff,                          **OPPOSITION TO PLAINTIFF'S MOTION
                                               TO DISMISS DEFENDANT ENCINITAS
13         v.                                  UNION SCHOOL DISTRICT'S
                                               COUNTERCLAIM UNDER RULE 12(b)(6)**
14 Encinitas Union School District,
                                               **[FILED CONCURRENTLY WITH
15         Defendant.                          DECLARATION OF ANAHID
                                               HOONANIAN IN SUPPORT OF
16                                             ENCINITAS UNION SCHOOL
                                               DISTRICT'S OPPOSITION TO
17 Encinitas Union School District,            PLAINTIFF'S MOTION TODISMISS
                                               DISTRICT'S COUNTERCLAIM UNDER
18         Counterclaimant,                    RULE 12(b)(6)]**

19         v.
                                               Date:      August 25, 2008
20 B.M., a minor by and through R.M.,          Dept   :   Courtroom 14
   R.M and N.M.,                               Judge  :   Honorable M. James Lorenz
21         Counterdefendants.

22                                             **Complaint Filed:      March 4, 2008
                                               Cross complaint Filed: March 26, 2008**
23

24

25 //

26 //

27 //

28 //

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA  90802

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION
SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)      08 CV 412 L JMA

SF 324990v1

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF FACTS ................................................................ 2

III.    LEGAL STANDARDS ................................................ 5

IV.     ARGUMENT ................................................ 5

    A.      The District Properly Raises Claims against B.M.'s Parents Because
        They Are Parties to the Settlement Agreement ................................... 5

    B.      The Moving Party is Without Standing to Challenge Counterclaim .............. 8

    C.      The District's Counterclaim Is Based on the Parties' Contractual
        Obligations ................................................ 8

    D.      Equity and Public Policy Considerations Require Specific Performance ..... 13

V.      CONCLUSION ................................................ 14

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

i

SF 324990v1

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION
SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)     08 CV 412 L JMA

# TABLE OF AUTHORITIES

**Cases**

*Albright v. Gates,*
 362 F.2d 928 (9th Cir. 1996.)..........................................................................8

*Alexopulos v. San Francisco Unified School District,*
 817 F.2d 551 (9th Cir. 1987)..........................................................................7

*Arakaki v. Hawaii,*
 314 F.3d 1091 (9th Cir. 2002)........................................................................8

*Cronen v. Moore,*
 210 F.239 (9th Cir. 1914)..............................................................................13

*Doe by Doe v. Independent Sch. Dist. No. 9,*
 938 F.Supp. 758, 761 (N.D. Okla. 1996) .......................................................9

*Doe v. Maher,*
 793 F.2d 1470, 1490 (9th Cir. 1986)...............................................................4

*Eminence Capital, LLC v. Aspeon, Inc,*
 316 F.3d 1048 (9th Cir. 2003) ......................................................................14

*Enesco Corp. v. Price/Costco,*
 146 F.3d 1083, 1085 (9th Cir. 1998)...............................................................5

*Ex rel. Ford v. Long Beach Unified School District,*
 291 F.3d 1086, 1089 (9th Cir. 2002)...............................................................3

*McDermott, Inc. v. AmClyde,*
 511 U.S. 202 (1994)......................................................................................13

*Montecatini Edison, S.P.A. v. Ziegler,*
 486 F.2d 1279 (2nd Cir. 1973).......................................................................8

*Morley v. Walker,*
 175 F.3d 756 (9th Cir. 1999)...........................................................................5

*School Committee of Town of Burlington v. Department of Education,*
 471 U.S. 359 (1985)................................................................................11, 12

*See Casey K. v. St. Anne Comty. High Sch. Dist. No. 302,*
 400 F.3d 508 (7th Cir. 2005)...............................................................6, 9, 11

*Sharpe v. FDIC,*
 126 F.3d 1147 (9th Cir. 1997) ................................................................9, 11

*Thomas v. Cincinnati Board of Educ.,*
 918 F.2d 618, 625 (6th Cir. 1990)...............................................................6, 9

*United States ex rel. Lee v. SmithKline Beecham, Inc.,*
 245 F.3d 1048 (9th Cir. 2001)......................................................................14

Miller Brown & Dannis
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802

ii

SF 324990v1

*Warth v. Seldin*,
   422 U.S. 490 (1975) ................................................................................................ 8

**Statutes**

20 U.S.C. § 1400 et seq. ................................................................................................ 1

20 U.S.C. § 1415(b)(1) ................................................................................................ 3

20 U.S.C. § 1415(j) ................................................................................................ 9

**State Statutes**

Cal. Educ. Code § 56041.5. ................................................................................................ 7

Cal Educ. Code § 56329(c) ................................................................................................ 3

Cal. Educ. Code § 56346(b) ................................................................................................ 4

Cal Educ. Code § 56505(k) ................................................................................................ 10

**Other Authorities**

1 Witkin, Summary of Cal. Law
   (10th ed. 2005) Contracts, § 847, p. 935 ................................................................................................ 12

*Student v. Pajaro Valley Unified School District*,
   OAH Case No. N200610081 (November 20, 2006) ................................................................................................ 10

**Rules**

Fed. R. Civ. P. 13 ................................................................................................ 5, 7

Fed. R. Civ. P 13(a) ................................................................................................ 1, 8

Fed. R. Civ. P. 13(h) ................................................................................................ 1

Fed. R. Civ. P. 13(k) ................................................................................................ 5, 8

Fed. R. Civ. P. 15(a) ................................................................................................ 14

Fed. R. Civ. P. 19 ................................................................................................ 8

Fed. R. Civ. P. 20 ................................................................................................ 5, 7, 8

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION
SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)        08 CV 412 L JMA

SF 324990v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

**Regulations**

34 C.F.R. § 300.9(c)(1) and (2) .................................................... 11

34 C.F.R. § 300.502 ..................................................................... 3

34 C.F.R. § 300.517(a); ............................................................... 7


**State Regulations**

Cal. Code Regs. tit. 5, § 3043 ..................................................... 2

iv

SF 324990v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

## I.    INTRODUCTION

Plaintiff B.M., a minor, by and through R.M.'s ("Counterdefendants") Motion to Dismiss Defendant Encinitas Union School District's ("District") Counterclaim should be denied in its entirety because Counterdefendants have failed to meet their burden under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rather than arguing the District failed to plead sufficient facts that would entitle the District to relief, Counterdefendants erroneously argue B.M.'s parents are not proper Parties to the Counterclaim.  Counterdefendants also improperly argue the merits of this case by claiming the District's allegations fail under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

Counterdefendants' arguments should be rejected on several grounds.  First, while there is a typographical error in the caption of the District's Counterclaim, the District properly filed the Counterclaim and alleged claims against B.M. and his parents, individually under Rule 13(a) and (h) of the Fed. R. Civ. P.  Indeed, as B.M. is a four-year-old minor student, B.M.'s parents are necessary and indispensable Parties to this action, which involves a dispute over a settlement agreement executed by the District and B.M.'s parents on B.M.'s behalf in a special education matter.

In addition, as the District alleges Counterdefendants breached the settlement agreement, contract principals govern this dispute rather than the IDEA.  While the IDEA's stay put law – which requires the Parties to implement a student's current educational placement and program during the pendency of an administrative due process hearing and subsequent federal district court proceedings – demonstrates the settlement agreement is still in effect and sets forth the "current educational placement and program" for B.M., contract principles determine whether Counterdefendants have breached the agreement.

Finally, as the District has properly pled, fairness, equity, and public policy require specific performance of the Agreement.  In this case, Counterdefendants want the District to implement only one of several terms contained in the Agreement.  As there was a meeting of the minds regarding each and every term of the Agreement, the District contends if it lives up to its

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)    08 CV 412 L JMA

SF 324990v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

1    end of the bargain, Counterdefendants must do so as well.  It is based on this breach of the

2    Agreement that the District filed the instant Counterclaim.  As the District has stated a

3    claim upon which relief may be granted, the Court should deny the Motion to Dismiss.

4    **II.    STATEMENT OF FACTS**

5         Plaintiff B.M. is a four year-old boy who was diagnosed with Pervasive Developmental

6    Disorder – Not Otherwise Specified ("PDD-NOS")[1] at 23 months of age.  (Counterclaim ¶8.)

7    B.M. received early intervention services from the San Diego Regional Center until he

8    transitioned to the District upon his third birthday in July 2006.  (*Id.*)  As part of his early

9    intervention services, B.M received in-home Applied Behavior Analysis ("ABA") therapy.  (*Id.*)

10   The District conducted an initial assessment of B.M. in June 2006 and convened his initial

11   individualized education program ("IEP") meeting.  (*Id.*)  The IEP team determined B.M. was

12   eligible for special education and related services under the category of autistic-like behaviors.

13   (*Id.*)  Parents disagreed with the District's initial IEP, and on September 22, 2006, filed for a due

14   process hearing.  (*[B.M.] v. Encinitas Union School District*, OAH Case No. N2006090663.)

15   (Counterclaim ¶9.)  After participating in mediation, Parents and the District reached an

16   agreement to resolve the issues in that matter and entered into a written settlement agreement

17   ("Agreement").  (Counterclaim ¶9; Exhibit 1.)

18        As part of the Agreement, the District agreed to provide the following related services at

19   Flora Vista Elementary School through Extended School Year 2007[2]:  one hour per week of

20   Adapted Physical Education ("APE"); five hours per week of speech therapy; two hours per

21   week of occupational therapy ("OT"); and six hours per week of ABA therapy (including two

22   hours per month of program supervision provided by the District).  (Counterclaim ¶9; Exhibit 1.)

23   The District further agreed to fund twenty hours per week of ABA services in B.M.'s home by a

24   private ABA provider (including six hours per month of ABA program supervision by the

25   _____

26        [1] PDD-NOS is a disorder on the autism spectrum according to the fourth edition of the
     Diagnostic and Statistical Manual of Mental Disorders published by the American Psychiatric
     Association (DSM-IV).

27
28        [2] ESY services are provided to pupils with unique needs who require special education and
     related services in excess of the regular academic year.  (Cal. Code Regs. tit. 5, § 3043.)

2

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION
SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)    08 CV 412 L JMA

SF 324990v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

1   private ABA provider) and eight clinic consultation sessions provided at Flora Vista.

2   (Counterclaim ¶9; Exhibit 1.)  Finally, the District agreed to conduct an assessment of B.M. by

3   April 2007 and convene his annual IEP meeting by May 2007.  (*Id*.)  B.M. and his parents

4   waived all claims under the IDEA through the date of the Agreement.  (*Id*.)

5        In compliance with the Agreement, the District conducted a transdisciplinary

6   reevaluation and presented its assessment report dated April 14, 2007 to Plaintiff.  (Counterclaim

7   ¶12.)  Parents disagreed with the District's transdisciplinary re-evaluation and requested IEEs at

8   public expense.  (Counterclaim ¶13.)   The District believed its assessment was appropriate and

9   denied Parents' request for IEEs.[3]  (*Id*.)  As a result, the District initiated a due process hearing to

10  defend the appropriateness of its transdisciplinary reevaluation in June 2007.  (*Encinitas Union*

11  *School District v. [B.M.],* OAH Case No. N2007060731).[4]  (*Id*.)

12       The District also convened B.M.'s annual IEP meeting on May 30, 2007.  (Complaint

13  ¶24.)  The District offered B.M. an intensive special education program for the 2007-2008 school

14  year including: twenty-five hours per week of intense instruction to be provided at Flora Vista

15  encompassing one and a half hours per week of OT; two and half hours per week of speech

16  therapy; one hour per week of APE; two hours per day of intense individual instruction (one-to-

17  one ABA); daily opportunities for integration with typically developing peers; placement in a

18  Special Day Class at Flora Vista; one-to-one level of support throughout B.M.'s school day at

19  Flora Vista; six hours per week of in-home ABA to be provided by a private ABA provider; four

20  weekly, 2-hour sessions of in-home ABA to be provided by a private ABA provider; and ten

21  Monthly clinic meetings with all of Plaintiff's service providers to discuss his educational

22  program.  (*Id*.)

23

24       [3] In 2006, the District had agreed to Parents' request for IEEs and had funded a series of costly IEEs.

25       [4] Under the IDEA and California special education law, parents may request an IEE at
26  public expense when they disagree with a district assessment.  (20 U.S.C. § 1415(b)(1); 34 C.F.R.
    § 300.502; Cal Educ. Code § 56329, subd. (c).)  In response, a district may file for due process
27  hearing to show its assessment is appropriate or agree to fund the IEE.  (*Id*.)  If a district
    demonstrates its assessment was adequate, a parent is not entitled to reimbursement.  (*Ex rel. Ford*
28  *v. Long Beach Unified School District*, 291 F.3d 1086, 1089 (9th Cir. 2002).)

3

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

Parents did not consent to the District's program offer. (Counterclaim ¶12.)  As a result, in August 2007, the District requested a second due process hearing to implement its program offer for the 2007-2008 school year.  (*Encinitas Union School District v. [B.M.]*, OAH Case No. N2007080304).[5]  (Counterclaim ¶14.)  In approximately late September or early October 2007, B.M. stopped attending Flora Vista for his related services in violation of the Agreement, but the District continued to honor the Agreement and provided him with the 20 hours of in-home ABA therapy.  (Counterclaim ¶¶15; 20.)

OAH consolidated the two due process hearing requests and convened the due process hearing on November 26, 2007.  (Counterclaim ¶14; Complaint ¶16.)  OAH issued its decision on January 30, 2008, concluding the District's assessment was appropriate and that its offer of special education and services for the 2007-2008 school year constituted a free appropriate public education ("FAPE").

On March 4, 2008, B.M. appealed the OAH Decision by filing an action in federal court entitled *B.M., a minor by and through R.M., Plaintiff v. Encinitas Union School District, Defendant*, Case No. 08 CV 412 L JMA. (Counterclaim ¶16.)  In response, on March 26, 2008, the District filed the instant counterclaim alleging B.M. and his parents breached the Agreement by refusing to allow B.M. to receive his related services at Flora Vista.  (Counterclaim, ¶18.)

As the last agreed upon placement and implemented IEP prior to B.M.'s appeal is as set forth in the Agreement, the District has been providing B.M. with 20 hours per week of in-home ABA as his stay put program and in accordance with the contractual obligations.  (Counterclaim ¶¶16; 20.)  However, B.M.'s parents have not lived up to their end of the bargain and have refused to allow B.M. to receive related services Flora Vista in breach of the Agreement. (Counterclaim ¶¶15; 18.)

---

[5] Under the IDEA, a district may not implement an IEP without parent consent.  A district must file a due process hearing to override parents' lack of consent to the district's FAPE offer. (Cal. Educ. Code § 56346(b); *Doe v. Maher*, 793 F.2d 1470, 1490 (9th Cir. 1986) [holding if the local educational agency determines that the portions of the program to which the parent did not consent, or all of the program if the parent did not consent to any part of the IEP, is necessary to provide the child with a FAPE, it is required to initiate due process hearing procedures to override the parent's refusal of consent].)

SF 324990v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

## III.    LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is disfavored and rarely granted: "A dismissal for failure to state a claim is appropriate only where it appears, beyond a doubt, that the plaintiff can prove no set of facts that would entitle it to relief." (*Morley v. Walker,* 175 F.3d 756, 759 (9th Cir. 1999) [citation omitted].)  All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff.  (*Enesco Corp. v. Price/Costco,* 146 F.3d 1083, 1085 (9th Cir. 1998).)

Despite these well-settled principles, Counterdefendants have presented a brief that is more akin to a motion for summary judgment than a motion to dismiss.  Rather than accepting the allegations as true, Counterdefendants improperly dispute the District's detailed factual allegations.  This is not allowed at this stage of the proceedings.  Additionally, Counterdefendants fail to raise any procedural or legal basis to justify dismissal of the District's Counterclaim. Thus, Counterdefendants' motion to dismiss should be denied.

## IV.    ARGUMENT

### A.    The District Properly Raises Claims against B.M.'s Parents Because They Are Parties to the Settlement Agreement

Counterdefendants erroneously argue the District's Counterclaim should be dismissed because B.M.'s parents, R.M. and N.M., are not parties to "this lawsuit" and "any requests for relief against them in the Counterclaim must fail as improperly raised." (Motion to Dismiss at 2.) Under Rule 13 of the Fed. R. Civ. P., a counterclaim may be asserted in response to the complaint.  (Fed. R. Civ. P. 13.)  The Court may also order joinder of additional parties "whose presence would facilitate determination of the counterclaim." (Fed. R. Civ. P. 13(k).)

In the present case, the District filed the Counterclaim against Plaintiff, B.M. a 4-year-old student by and through his guardian ad litem, R.M, as well as his parents individually. (Counterclaim, ¶1.)  In the Counterclaim, the District is seeking to enforce the totality of the settlement agreement entered into between the District and B.M.'s parents, on behalf of B.M. (Counterclaim, First Cause of Action.)   Indeed, B.M.'s parents only want to enforce *part* of the Agreement, despite the contractual obligation to comply with all of the terms set forth in the

5

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)    08 CV 412 L JMA

SF 324990v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

1    Agreement. (Counterclaim, First Cause of Action.)  This Agreement is critical to the family's

2    Complaint, as B.M. is arguing the District must implement a particular term in the Agreement as

3    "stay put" during the pendency of B.M.'s appeal of the administrative due process hearing

4    decision.[6]  (See Plaintiff's Notice of Motion for "Stay Put" Placement and Memorandum of

5    Points and Authorities in Support of Motion for "Stay Put" ("Stay Put Motion.")[7]  Accordingly,

6    as B.M. is named as a party to the original Complaint through his guardian ad litem (R.M., his

7    father), the District has properly asserted the Counterclaim against B.M.  Thus, the Court should

8    reject Counterdefendants' thinly veiled attempt to confuse these proceedings.

9            Equally without merit is Counterdefendants' arguments that N.M. is not a party to "this

10   lawsuit" and therefore the District may not assert claims against her and that R.M. "is involved in

11   this case only as a guardian ad litem for B.M., and not in his own capacity."  (Motion to Dismiss

12   at 2.)  As a threshold matter, the District properly named B.M.'s parents as individual parties to

13   the Counterclaim.  While the District inadvertently omitted the parents as individual parties to

14   the Counterclaim *on the caption,* as Counterdefendents have conceded, the District named

15   B.M.'s parents as individual parties in the body of the Counterclaim.[8]  [Motion to Dismiss at 2;

16   Counterclaim, ¶1.)  Although the District acknowledges the caption to the Counterclaim contains

17   a typographical error, the error in failing to include R.M. and N.M. as individuals does not

18   _____

19           [6]  Pursuant to federal special education law, unless the school district and parents agree
     otherwise, a special education student must remain in his or her present educational placement

20   pending the completion of due process hearing procedures and/or appeal thereof.  A pupil's
     "present educational placement" is generally considered the last agreed upon and implemented

21   IEP prior to the dispute. (*Thomas v. Cincinnati Board of Educ.*, 918 F.2d 618 (6th Cir. 1990).)
     However, as described below, while the IDEA is implicated in Plaintiff's Complaint, the District's

22   Counterclaim is based on a contractual dispute regarding the Settlement Agreement, and this
     Agreement governs stay put.  (*See Casey K. v. St. Anne Comty. High Sch. Dist. No. 302,* 400 F.3d

23   508 (7th Cir. 2005).)

         [7]  On March 14, 2008, B.M. filed a Motion for "Stay Put" Placement seeking an order from
24   this Court directing the District to provide in-home ABA services during the pendency of the
     appeal.  As the District has continued to live up to its obligations under the Settlement Agreement,

25   B.M. withdrew this motion.

26           [8]  The mistake on the caption is a typographical error as evidenced by the comma after
     R.M. in the caption as well as reviewing the District's final version of the Counterclaim, which is

27   a Microsoft Word document saved in District counsel's document management system.  (See
     Final Microsoft Word Version of Counterclaim attached as Ex. 1 to the Declaration of Anahid

28   Hoonanian ("Hoonanian Decl."), ¶2.)

6

SF 324990v1

require the Counterclaim to be dismissed; rather, the District may correct this error with the Court's permission by revising the caption.  Accordingly, Counterdefendants have failed to identify a violation of Rule 13, and the request for dismissal on this ground fails.

In addition, Counterdefendants identify no legal authority to support their claim that B.M.'s father is not a party to "the lawsuit" because he is B.M.'s guardian ad litem.  (Motion to Dismiss at 2.)  While R.M. serves the role of guardian ad litem to protect the interests of B.M., he is nonetheless a necessary and indispensable party to the litigation because R.M. holds B.M's educational rights as B.M. is a minor who is currently 4 years old. (Counterclaim, ¶¶6, 8.) Moreover, R.M. is admittedly a party to the Complaint filed against the District. In accordance with Fed. R. Civ. P. 13, the District filed its affirmative Counterclaim for breach of contract, against the opposing party, R.M.  Moving party asserts without citation to authority that R.M. is not a party because he serves as guardian ad litem; regardless of whether he serves the role of guardian ad litem to protect the interests of B.M., he is nonetheless a party to the litigation.  As holders of B.M.'s educational rights, his parents (and only his parents unless a court takes away such rights) are charged with the task of making educational decisions on his behalf, including entering into the Agreement with the District regarding educational claims.[9]  (See e.g., *Alexopulos v. San Francisco Unified School District*, 817 F.2d 551, 555 (9th Cir. 1987) [finding Congress structured the Education of the Handicapped Act (predecessor to the IDEA) to "emphasize that parental involvement was essential to assure an appropriate substantive educational program for a child" and that parents or representatives would "promptly assert the children's educational rights"].)

Notably, to the degree moving party suggests the Counterclaim may only be pursued against a party to the Complaint, this is not an accurate statement of the law.  So long as the court may obtain jurisdiction over the additional party, there is no bar to adding additional parties.

---

[9] Under the IDEA and California law, when a student receiving special education services who is legally competent reaches 18 years of age, the local educational agency shall provide any required notice of procedural safeguards to both the student and the student's parents. (34 C.F.R. § 300.517(a); Cal. Educ. Code § 56041.5.) All other special education rights previously accorded to the parents shall transfer to the student.  (34 C.F.R. § 300.517(a); Cal. Ed. Code § 56041.5.)

7

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION
SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)     08 CV 412 L JMA

SF 324990v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA  90802

(Fed. R. Civ. P. 13(a).) Moving party has not and cannot demonstrate that the Court cannot obtain jurisdiction over R.M. and/or N.M.

As a result, R.M. and N.M. are necessary and indispensable parties to this Counterclaim and therefore are properly joined under Rule 13(k) of the Fed. R. Civ. P. which states that "Rules 19 and 20 govern the addition of a person as party to a counterclaim or crossclaim."[10] Notably, "[t]he objective of the Federal Rules with respect to counterclaims is to provide complete relief to the parties, to conserve judicial resources and to avoid a proliferation of lawsuits." (*Montecatini Edison, S.P.A. v. Ziegler*, 486 F.2d 1279, 1282 (2nd Cir. 1973) [citations omitted].) Judicial economy dictates that the claims set forth in the Complaint and Counterclaim should be litigated in one forum, and as courts liberally construe Fed. R. Civ. P. 13, B.M.'s parents are proper parties to the Counterclaim. (See *Albright v. Gates*, 362 F.2d 928, 929 (9th Cir. 1996).)

### B.    The Moving Party is Without Standing to Challenge Counterclaim

While B.M. remarkably argues R.M., his father and guardian ad litem, is not a party to this action, B.M. is challenging the Counterclaim on R.M.'s behalf, though only B.M has filed the Motion. Indeed, the Motion is filed by "PLAINTIFF, B.M., by and through his attorneys, Roberts & Adams," rather than by and through his guardian R.M. However, B.M. has no standing to challenge the Counterclaim on behalf of R.M. or N.M. and the Motion should be denied out of hand. (*Arakaki v. Hawaii*, 314 F.3d 1091, 1097 (9th Cir. 2002) ["Standing is a threshold requirement, without which neither the district court nor this court has jurisdiction"]; *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ["In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues"].) Nor does B.M. have the independent authority to challenge the contract claims.

### C.    The District's Counterclaim Is Based on the Parties' Contractual Obligations

The Court should reject Counterdefendants' argument that "no current claim or controversy exists (nor even a current contract) that would warrant the District's request for declaratory relief" under the IDEA. (Motion to Dismiss at 4.) In support of their argument, Counterdefendants erroneously rely on language in the Agreement regarding the provision of

---

[10]Rules 19 and 20 of the Fed. R. Civ. P. govern adding necessary and indispensable parties.

8

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA  90802

special education and related services set out in the Agreement through the end of the 2006-2007 school year.  Counterdefendants' argument is fatally flawed for several reasons.

First, the District's Counterclaim is based on the Parties' rights and obligations under a contractual agreement between the Parties.  As the Agreement is a contract, which the District argues has been breached by B.M.'s parents, contract principles govern the District's Counterclaim.  (*See e.g. Sharpe v. FDIC*, 126 F.3d 1147, 1153 (9th Cir. 1997) [applying ordinary principals of contract interpretation in analyzing the parties' rights and obligations under a settlement agreement].)   Thus, a case or controversy exists for this Court to adjudicate.

In addition, while the Agreement sets forth educational services for the 2006-2007 school year, the Agreement does *not* include a termination date.  (See Counterclaim, Ex. 1.)  Indeed, Counterdefendants tacitly rely on this fact to continue receiving the Agreement's provision of in-home ABA services.   As the Agreement does not contain a termination clause and as Counterdefendants have continued to rely on the Agreement to obtain in-home ABA services under the Agreement, the District is also seeking to enforce its rights under the Agreement.

The Court should also reject Counterdefendants' argument that no claims exist under the IDEA.  In this case, the IDEA is implicated only to demonstrate that the Parties' Agreement is still in effect today.  In essence, Counterdefendants' are arguing the Agreement is no longer in effect because it governs the 2006-2007 school year. (Motion to Dismiss at 3.)  Not so under stay put principles under the IDEA.  Stay put dictates that unless the school district and parents agree otherwise, a special education student must remain in his or her present educational placement pending the completion of due process hearing procedures and/or appeal thereof.   (20 U.S.C. § 1415(j).)  A pupil's "present educational placement" is generally considered the last agreed upon and implemented IEP prior to the dispute.  (*Thomas v. Cincinnati Board of Educ.* (6th Cir. 1990) 918 F.2d 618, 625.)

However, a student's educational program set out in a settlement agreement reached by the parties may constitute the student's then current educational placement or stay put.  (*See Casey K. v. St. Anne Comty. High Sch. Dist. No. 302*, 400 F.3d 508, 513 (7th Cir. 2005); *See also Doe by Doe v. Independent Sch. Dist. No. 9*, 938 F.Supp. 758, 761 (N.D. Okla. 1996).)  In

9

California, OAH has ruled in accord with federal district courts and courts of appeals holding placement and services in settlement agreements may be students' stay put.[11] (*See e.g., Student v. Pajaro Valley Unified School District*, OAH Case No. N200610081 (November 20, 2006) [holding "a settlement agreement that does not articulate the intent to place the student into a different placement at the end of the stated period can be the student's current educational placement"].)[12]

Here, Counterdefendants have, since day one, disagreed with the District's program offers. (Counterclaim, ¶¶9-14.) As such, during the first round of disagreements, the Parties entered into an extensive settlement agreement, which set forth B.M.'s educational program. (Counterclaim, ¶9, Ex. 1.) This program included services at school and in the home. (*Id*.) The school based services were a critical component, indeed the key consideration, to the District's agreement to settle with Counterdefendants as it is important for District staff to work directly with B.M. at school. (Counterclaim, ¶¶18, 25.) This allows the District to make subsequent program offers based on its experience in working with B.M.

After the District made its new program offer in May 2007, B.M.'s parents disagreed with the offer and refused to send B.M. to school to receive his related services. (Counterclaim, ¶¶13-15.) Once a due process request was filed with OAH, stay put was automatically in effect, and continues to be in effect during the pendency of these federal court proceedings. (Cal Educ. Code § 56505(k).) Thus, the law requires the Parties to implement the stay put placement and services set forth in the Agreement until the Court renders its decision. (*Id*.)

The District lived up to its end of the bargain by making the services at Flora Vista available and continuing to fund the in-home ABA program. (Counterclaim, ¶18.) In sharp

---

[11] While OAH administrative hearing decisions are not precedent, they show California ALJs are in agreement with federal courts that settlement agreements may constitute stay put. OAH hearing decisions are available online at http://www.oah.dgs.ca.gov/Special+Education/SehoSearch.htm. For the Court's convenience a copy of *See Student v. Pajaro Valley Unified School District*, OAH Case No. N200610081 (November 20, 2006) is attached as Ex. 2 to the Hoonanian Decl.

[12] See Order Regarding Petitioner's Stay Put Placement posted online at (last viewed August 1, 2008) http://www.documents.dgs.ca.gov/oah/seho_orders/N2006100081%20Stay%20Put%20Grant%20I n%20Part.pdf.

Miller Brown & Dannis
301 East Ocean Boulevard
Suite 1750
Long Beach, CA  90802

10

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)    08 CV 412 L JMA

SF 324990v1

contrast, B.M.'s parents refused to send B.M. to school for his related services, but accepted only the District's continued funding of the in-home ABA program. (Counterclaim, ¶15; Stay Put Motion.) Indeed, Counterdefendants seek the benefits of the Agreement (by asserting they are entitled to only one part of the Agreement – in home ABA services – as B.M.'s stay put) while at the same time denying the District its rights under the Agreement (educating B.M. within the public school setting). Counterdefendants are seeking to continue obtaining the benefits under the Agreement, while at the same time ignoring their obligations under the Agreement by casting the issue as one under the IDEA, and not a contractual agreement. Counterdefendants cannot have it both ways.

Counterdefendants erroneously rely upon the notion that despite stay put provisions, parents may remove their child from stay put placement citing *School Committee of Town of Burlington v. Department of Education*, 471 U.S. 359, 369-370 (1985). However, unlike stay put under an IEP document created pursuant to the IDEA, the instant dispute arises from a contractual agreement. The District's Counterclaim is directly dependant on the rights and obligations of the Parties under the contractual agreement embodied in the Settlement Agreement. (*Casey K.*, 400 F.3d at 513 [finding high school district must implement the terms of a settlement agreement reached by the elementary school district and the parents as stay put during the pendency of the dispute].) While parents may revoke their consent to special education and services set out in an IEP, Counterdefendants cannot revoke their consent to services and programming set out in the Settlement Agreement. The right of parents to revoke consent to IEP in founded in the regulations implementing the IDEA.[13] However, such regulations do not govern the contractual obligations of parties that enter into settlement agreements. A revocation of consent to the Settlement Agreement results in a breach of the Parties' contractual agreement. (*Sharpe v. FDIC*, 126 F.3d at 1153.) Thus, the Agreement

---

[13] With respect to the services set out in IEPs, the regulations provide: "[T]he parent understands that the granting of consent is voluntary on the part of the parent and may be revoked at anytime. If a parent revokes consent, that revocation is not retroactive (i.e., it does not negate an action that has occurred after the consent was given and before the consent was revoked)." 34 C.F.R. § 300.9(c)(1) and (2).

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

SF 324990v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

1    remains in full force and effect during the pendency of the dispute over Student's educational

2    programming.  Because the Parties negotiated and executed the Agreement, and the District gave

3    and continues to give good consideration to obtain the rights and obligations set forth therein,

4    Counterdefendants do not have the option of revoking consent to the Settlement Agreement.

5    (*Sharpe v. FDIC*, 126 F.3d 1147, 1153 (9th Cir. 1997); See also 1 Witkin, Summary of Cal. Law

6    (10th ed. 2005) Contracts, § 847, p. 935.)

7    Finally, Counterdefendants argue they are entitled to unilaterally remove B.M. from his

8    educational programming without any consequences.  Counterdefendants' reliance on

9    *Burlington*, 471 U.S. at 369-370 to argue the IDEA's stay put provision cannot restrict

10    Counterdefendants' ability to place B.M. in a private program and seek reimbursement for such

11    program is misplaced.

12    *Burlington* is distinguishable from the case at bar because it did not address whether

13    parents may breach a settlement agreement by invoking the IDEA.  Rather, in *Burlington*, the

14    U.S. Supreme Court held when a school district denies a child with a disability a FAPE, the child

15    is entitled to relief that is "appropriate" in light of the purposes of the IDEA.  (*Burlington,* 471

16    U.S at 374.)  The Court also held parental violation of the IDEA by unilaterally changing the

17    "then current educational placement" of the child during the pendency of the proceedings does

18    not constitute waiver of parents' right to reimbursement for private placement and services.  (*Id*.

19    at 371-374.)  The "then current placement" in Burlington was pursuant to the child's IEP and not

20    a binding settlement agreement.  Therefore, while parents may revoke consent to services set out

21    in an IEP, they may not breach a settlement agreement without any consequences.

22    B.M.'s stay put is based on the terms of the Settlement Agreement the Parties negotiated.

23    The fact that his Parents have refused to comply with their obligations under the Agreement and

24    only seek to enforce the part of the Agreement they desire (in-home ABA services) under stay

25    put does not relieve them of their obligation to comply with the remainder of the terms of the

26    Agreement.  As Counterdefendants have asserted their rights under the Agreement (to continue

27    District funding of 20 hours per week of in-home ABA services), the District is likewise

28    asserting its rights under the Agreement through the Counterclaim.  Since the Agreement is an

12

enforceable contract, both Parties are bound by the terms of the contract, and unlike an IEP, neither party can simply cease complying with the terms of the Agreement.  Thus, as Counterdefendants have utterly failed to show that the District has not stated a claim upon which relief may be granted, the Court should deny the Motion to Dismiss.

**D.    Equity and Public Policy Considerations Require Specific Performance**

Principles of equity and public policy demonstrate that the District has stated a cognizable legal claim in its Counterclaim.  The District has pled sufficient facts to allege the Agreement is in effect under stay put law and Counterdefendants have breached the Agreement under contract principals.  (Counterclaim, ¶¶9-16.)  As a result of this breach, the District has requested specific performance of the terms of the Agreement.  (Counterclaim, Prayer for Relief.)

As described above, Counterdefendants remarkably use the stay put laws to argue the District must continue funding the in-home ABA program set forth in the Agreement, while at the same time argue they do not have comply with the Agreement.  (See Stay Put Motion.)  Thus, Counterdefendants seek to deprive the District of its benefit of the bargain, while at the same time they have continued to reap the rewards of the Agreement by requiring the District to implement the in-home ABA program.  Fairness and equitable principles under contract law dictate that specific performance is an appropriate remedy in this case.  (*Cronen v. Moore*, 210 F.239, 242-243 (9th Cir. 1914).)

To allow Counterdefendants to void portions of the Agreement when those portions become unpalatable would also contravene the policy of encouraging settlements agreements to resolve disputes.  (*See McDermott, Inc. v. AmClyde*, 511 U.S. 202, 215 (1994) [finding "[p]ublic policy wisely encourages settlements"].)  Settlement agreements are encouraged as a matter of public policy, because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts.  Here, public policy favors upholding the Agreement entered between the District and Counterdefendants.

Moreover, allowing Counterdefendants to use the stay put rule to their advantage would deny the District its benefit of the bargain and would have a chilling effect on school districts'

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)    08 CV 412 L JMA

SF 324990v1

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

1    willingness to enter into special education settlement agreements.  To accept Counterdefendant's

2    assertion that the District has no claim, requires a court to ignore fundamental contract

3    principles. Where, as here, the District entered into the Agreement in good faith and has met all

4    its obligations under the Agreement but is refused the benefits of the Agreement, breach of

5    contract is properly pled. Accordingly, public policy and equity considerations require specific

6    performance so the District can obtain its benefit of the bargain under the Agreement.  The Court

7    should therefore deny the Motion to Dismiss as the District has pled sufficient facts entitling it to

8    relief.

9    **V.    CONCLUSION**

10           Because Counterdefendants fail to meet their burden to demonstrate the Counterclaim

11   fails to state a claim upon which relief may be granted, the District is entitled, as a matter of law,

12   to an inquiry of its claims on the merits.  For the foregoing reasons, the District respectfully

13   requests that this Court deny Counterdefendants' Motion to Dismiss.  In the alternative, the

14   District respectfully requests leave to amend.[14]

15

16   DATED: August 11, 2008                    MILLER BROWN & DANNIS
                                               SUE ANN SALMON EVANS
17                                             DEBORAH L. UNGAR
                                               ANAHID HOONANIAN
18

19                                             By:    /S/ Anahid Hoonanian
20                                             SUE ANN SALMON EVANS
                                               DEBORAH L. UNGAR
21                                             ANAHID HOONANIAN
                                               Attorneys for Defendant
22                                             Encinitas Union School District

23

24

25           [14] The allegations in the Counterclaim should be upheld; however, if for any reason the
     Court should deem the District's allegations lacking, the District respectfully requests leave to
26   amend the Counterclaim.  (*See* Fed. R. Civ. P. 15(a) [finding leave to amend "shall be freely given
     when justice so requires"]; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.
27   2003) [leave to amend should be granted liberally]; *United States ex rel. Lee v. SmithKline
     Beecham, Inc.*, 245 F.3d 1048, 1053-54 (9th Cir. 2001) [reversible error to deny leave to amend to
28   provide particularity].)

                                               14

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION
SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)          08 CV 412 L JMA

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

# PROOF OF SERVICE

STATE OF CALIFORNIA                 )

                                             ) ss.

COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 301 East Ocean Boulevard, Suite 1750, Long Beach, CA  90802.

On the date set forth below I served the foregoing document described as **OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)** on interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐    **(VIA U.S. MAIL)** I caused such document to be placed in the U.S. Mail at Long Beach, California with postage thereon fully prepaid.

    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **(VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the addressee from the facsimile machine of Miller Brown & Dannis whose phone number is (562) 366-8505.  The transmission by facsimile was reported as complete and without error

☒    **BY ELECTRONIC SERVICE**:  I caused the above-entitled document to be sent to Tim Adams of Roberts & Adams, lead counsel for plaintiffs and counterdefendant, via e-service at the recipient's office.  This service complies with C.C.P. § 1010.6.

☐    **(VIA OVERNIGHT MAIL)** I caused such envelope to be deposited at an authorized "drop off" box on that same day with delivery fees fully provided for at 301 East Ocean Boulevard, Suite 1750, Long Beach, CA  90802, in the ordinary course of business.

☐    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on August 11, 2008 at Long Beach, California.

| Anahid Hoonanian | s/Anahid Hoonanian |
|---|---|
| Type or Print Name | Signature |

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S COUNTERCLAIM UNDER RULE 12(b)(6)      08 CV 412 L JMA

SF 324990v1

**Service List**

Tim Adams
Drew Massey
Jennifer Jean Kropke
Roberts & Adams
20042 Beach Blvd.,
Huntington Beach, CA 92648

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BROWN & DANNIS
301 EAST OCEAN BOULEVARD
SUITE 1750
LONG BEACH, CA 90802

16

SF 324990v1