1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   B.M., a minor child by and through R.M.,   )   Civil No. 08cv412-L(JMA)
                                                )
12                          Plaintiff,           )   **ORDER GRANTING PLAINTIFF'S**
                                                )   **MOTION TO DISMISS THE**
13   v.                                          )   **COUNTERCLAIM [doc. #17] and**
                                                )   **GRANTING LEAVE TO FILE AN**
14   ENCINITAS UNION SCHOOL                      )   **AMENDED COUNTERCLAIM**
     DISTRICT,                                   )
15                                               )
                            Defendant.           )
16   _____         )

17        This action arises as an appeal from an administrative hearing under the Individuals with

18   Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Plaintiff B.M., a minor child[1]

19   and a student in the Encinitas Union School District ("District"), is challenging a consolidated[2]

20   due process hearing that resulted in a decision adverse to plaintiff.  B.M. is a child with a

21   disability as that term is defined under 20 U.S.C. § 1401(3)(a)(i) and is a child with exceptional

22   needs as defined in California Education Code § 56026.  It is undisputed that B.M. is entitled to

23   receive special education and related services from the District.

24

25        [1]     Plaintiff B.M.'s action is brought by and through his father and guardian *ad litem*,
26   R.M.

27        [2]     The District first sought a due process hearing to defend the appropriateness of its
     transdisciplinary reevaluation in June 2007, OAH Case No. N2007060731.  When B.M.'s
28   parents did not consent to the District's 2007-2008 program offer, the District sought a second
     due process hearing.  OAH consolidated the two due process hearing requests,

Along with its answer, the District filed a counterclaim on March 26, 2008.  In response to the counterclaim, plaintiff filed a motion to dismiss that has been fully briefed and is the subject of this Order.

**1.      Legal Standard for a Rule 12(b)(6) Motion**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings.  *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may not be dismissed for failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  But a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level."  *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003);  *Parrino v. FHP, Inc.* , 146 F.3d 699, 705-06 (9th Cir. 1998).

**2.      Factual and Procedural Background**

In its counterclaim, the District alleges a breach of a January 12, 2007 Settlement Agreement ("Agreement") and seeks declaratory and injunctive relief.  The District names B.M., by and through R.M.; R.M.; and N.M. in the counterclaim.  R.M. and N.M. are B.M.'s parents and are not named as plaintiffs in the complaint.  The January 12, 2007Agreement entered into by the parties concerned the services the District would  provide to B.M. through the school year and extended school year 2006-2007.[3]

---

[3]      The Court takes judicial notice that the 2007-2008 school year began on August 20, 2007.

08cv412

In the spring of the 2006-2007 school year, the District conducted a transdisciplinary reevaluation, and convened B.M.'s annual review.  The District provided B.M.'s parents with a copy of the May 30, 2007 annual IEP.  After disagreement over the transdisciplinary reevaluation, B.M.'s parents requested an Independent Education Evaluation ("IEE") at public expense as provided under the IDEA.  The District denied the request and on June 25, 2007, it requested a due process hearing regarding the appropriateness of the District's offer of a free appropriate public education for the 2007-2008 school year.

After the commencement of the 2007-2008 school year, in late September or early October 2007, B.M. stopped attending Flora Vista, a District elementary school, for his related services.  The District contends that B.M.'s failure to attend Flora Vista during the 2007-2008 school year was a breach of the January 12, 2007 Agreement:

> 18.    Counterdefendants have breached the contractual Agreement dated January 12, 2007 in that, Counterdefendants, and each of them, have refused and continue to refuse, to make B.M. available for special education programming as required by the Agreement and refuse to comply with the provisions of the contractual Agreement as they relate to good faith and fair dealing relative to making B.M. available to the District to allow special education services to be provided at the District school site as required by the Agreement.

(Counterclaim ¶ 18 at 5-6.)

After B.M. stopped attending Flora Vista, the consolidated due process hearing was convened and the Office of Administrative Hearings ("OAH") issued its decision on January 30, 2008 adopting the District's position.  B.M. is appealing the decision in the present case.  During this time, B.M. has remained in his current educational placement pending the completion of the due process hearing and appeal of the decision under the stay put provision of the IDEA, 20 U.S.C. § 1415(j).  The last agreed upon placement and implemented IEP for B.M. is found in the January 12, 2007 Agreement.

**3.    Motion to Dismiss**

    **A.    The Parties to the Counterclaim**

B.M. contends that his parents, R.M. and N.M, have not been properly named as counterdefendants in this action.  Federal Rule of Civil Procedure 13(a) provides that a counterclaim may be made against "an opposing party."  Because R.M. and N.M. are not party

1  plaintiffs, the District cannot bring a counterclaim against them unless they are joined as parties

2  under a Rule 19 motion.  At this point, a motion to join R.M. and N.M. as counterdefendants has

3  not been made; therefore, the counterclaim is directed to B.M. only.

4         **B.**      **Breach of the Agreement**

5         As noted above, the District asserts that B.M. and his parents have breached the January

6  12, 2007 Agreement by B.M.'s failure to appear for services at Flora Vista during the 2007-

7  2008.  The District bases this argument on the fact that there is no explicit termination date in the

8  Agreement and the IDEA contains a "stay put"provision for when there is a disagreement about

9  services or placement between a district and parents.  The "stay put" provision requires a special

10  education student to remain in his or her present educational placement pending the completion

11  of due process hearing procedures and/or an appeal.  20 U.S.C. § 1415(j).

12         But B.M. contends that the Agreement sets forth educational services for the 2006-2007

13  school year and extended school year only with the Agreement terminating by its terms at the

14  end of the school year.  In other words, even if B.M. did not attend Flora Vista for services

15  during the 2007-2008 school year, he was not in breach of the Agreement because the alleged

16  breach occurred, if at all, after the termination of the Agreement at the end of the 2006-2007

17  school year and extended school year.

18         There must be some legal basis to state a claim for breach of the Agreement when the

19  breach occurs after what appears to be the termination of that Agreement.  The District relies,

20  without legal support, on the stay put provision of the IDEA to contend the provision is intended

21  to extend, renew or modify the Agreement.  This argument is without merit.  The stay put

22  provision provides a child with disabilities his current educational placement while proceedings

23  remain pending but it does not alter contractual obligations found in an agreement.  The stay put

24  provision, however, does not cancel or negate a parent's right to change the child's placement.

25  *See School Committee of Town of Burlington, Mass. v. Department of Educ.,* 471 U.S. 359, 372

26  (1996):

27                [U]nder the [defendant]'s reading of § 1415(e)(3), the parents are forced to leave
              the child in what may turn out to be an inappropriate educational placement or to

28                obtain the appropriate placement only by sacrificing any claim for reimbursement.

> The Act was intended to give handicapped children both an appropriate education and a free one; it should not be interpreted to defeat one or the other of those objectives.

*Id.*

On its face, the January 12, 2007Agreement applies to a particular school term – the 2006-2007 school year and extended school year.  The breach the District alleges in the counterclaim occurred during the course of the 2007-2008 school year and extended school year.  As noted above, counterclaimant has provided no legal authority to support its contention that the stay put provision of the IDEA somehow expands the contractual terms agreed to by the parties.  Because the Agreement appears to have expired with the commencement of the 2007-2008 school year, any breach of the Agreement during the 2007-2008 school year is not actionable.  Accordingly, counterclaimant has failed to state a claim for breach of the Agreement.

Although it appears unlikely that counterclaimant can state a claim under the facts it has presented, the Court will grant the District leave to amend the counterclaim and to move to join B.M.'s parents as counterdefendants.

Based on the foregoing, B.M.'s motion to dismiss the counterclaim is **GRANTED without prejudice**.  If counterclaimant intends to amend its counterclaim, it must do so within 10 calendar days of the filing of this Order.

**IT IS SO ORDERED.**

DATED:  January 5, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES COUNSEL

08cv412

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

08cv412