UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M., a minor child by and through R.M., | Civil No. 08cv412-L(JMA) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [[doc. #85]** |
| v. | |
| ENCINITAS UNION SCHOOL DISTRICT, | |
| Defendant. | |

Plaintiff moves for attorneys' fees in the amount of $29,350.80. The motion has been fully briefed and is considered on the papers submitted without oral argument under Civil Local Rule 7.1(d)(1). For the reasons set forth below, the motion will be granted.

**I.    Background**

On March 4, 2008, plaintiff filed this appeal from an Office of Administrative Hearings ("OAH") decision under the Individuals with Disabilities Education act, 20 U.S.C. § 1400, *et. seq*. In addition to its answer, defendant filed a counterclaim on March 26, 2008, asserting a claim for relief under the IDEA and seeking declaratory and injunctive relief based on plaintiff's alleged breach of the Settlement Agreement entered between plaintiff and his parents and defendant concerning plaintiff's special education programming.

By Order filed January 5, 2009, the Court dismissed the counterclaim noting that "it appears unlikely that counterclaimant can state a claim under the facts it has presented," (Order

at 5) but nevertheless granted defendant leave to file an amended counterclaim. Defendant did not file an amended counterclaim.

Ultimately, the Court reviewed the plaintiff's action and found in defendant's favor. Judgment was entered on February 14, 2013. [doc. #82]

Plaintiff now moves for attorneys' fees in connection with the for his successful dismissal of the district's counterclaim. As noted above, defendant opposes the award of attorneys' fees.

**II.     Legal Standard**

This inquiry has three steps. First, the Court must determine whether Plaintiffs were the prevailing party. If so, the Court then considers whether to grant attorney's fees. If the Court exercises its discretion to grant fees, then the Court must consider what would constitute reasonable attorney's fees.

A.     **Prevailing Party**

The Court must first determine whether plaintiffs were the prevailing party. The Court can then inquire into whether it should exercise its discretion to grant fees, and, if so, determine what would constitute reasonable fees. *See, e.g., J.M. v. Capistrano Unified School Dist.*, 2011 WL 1326905, *2 (C.D. Cal. Mar.31, 2011).

For the purpose of attorneys' fee awards, a prevailing party is defined as "a party which succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Anaheim Union*, 464 F.3d at 1034. A party is "prevailing" where it can "point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* ( citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)). To be considered a "prevailing party" under a fee shifting provision, such as in the IDEA, the party "must meet two criteria: he must achieve a material alteration of the legal relationship of the parties, and that alteration must be judicially sanctioned." *Jankey v. Poop Deck*, 537 F.3d 1122, 1129–30 (9th Cir. 2008)."The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought." *Van Duyn v. Baker Sch. Distr.*, 502 F.3d 811, 825 (9th Cir.2005). "The prevailing party inquiry does not turn on the

magnitude of the relief obtained." *Id.* (citing *Farrar v. Hobby*, 506 U.S. 103 (1992).

   B.   Whether Attorneys' Fees Should Be Awarded

   **C.   Reasonable Attorneys' Fees**

If a plaintiff is entitled to an award of attorney's fees, then the district court should be guided by the considerations identified in Hensley v. Eckerhart. In Hensley, the Court approved the lodestar method for calculating fees in civil rights litigation: multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. See 461 U.S. at 433.

In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours "that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. "The party seeking the award should provide documentary evidence to the court concerning the number of hours spent[.]" McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir.2009).

In determining the appropriate hourly rate to be included in a lodestar calculation, the district court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir.1987). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonable comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1262–63 (9th Cir.1987) (citing Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

After determining prevailing party status, the Court turns to the extent of plaintiff's victory. See Aguirre v. Los Angeles Unified School Dist., 461 F.3d 1114, 1120–21 (9th Cir.2006) (holding that amount of attorneys' fees under IDEA is contingent upon the degree of success the parent attained on her claims); Thomas v. City of Tacoma, 410 F.3d 644, 649 (9th Cir.2005) ( "The bulk of discretion retained by the district court lies in the second, significance of relief,

inquiry."). The Supreme Court has stated that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (applied to IDEA claims in Aguirre, 461 F.3d at 1121); see also Van Duyn v. Baker School Dist. 5J, 502 F.3d 811, 826 (9th Cir.2007) (remanding to district court for determination of attorney's fees and noting district court's discretion to consider that plaintiff prevailed on only one issue). Courts in the Ninth Circuit regularly reduce fee awards in IDEA cases based on limited degrees of success. See J.M. v. Capistrano, 2011 WL 1326905, *4 (C.D.Cal. Mar.31, 2011) (reducing fees by 66.7% where plaintiffs prevailed on two out of twenty-two issues which resulted in $79,000 in compensation); S.A. v. Tulare County Office of Educ., 2009 WL 4048656, *7 (E.D.Cal. Nov.20, 2009) (reducing fees by 90% where plaintiffs achieved partial success on an issue that was unrelated to the substantial issues litigated).

The Court will begin with plaintiffs' fee calculation, using the lodestar figure. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 424; see also, Aguirre, 461 F.3d at 1118 (recognizing that Hensley applies to IDEA attorneys' fees statute). "This figure, commonly referred to as the 'lodestar,' is presumed to be the reasonable fee." Id. To support the lodestar calculation, the prevailing plaintiff must submit documentary evidence detailing the number of hours spent and how it determined the hourly rate requested. Id. After the Court calculates the lodestar, and "in rare and exceptional cases," the Court may adjust the lodestar "based on factors not subsumed in the initial calculation of the lodestar." Van Geren v. Guarantee Mutual Life Ins., 214 F.3d 1041, 1045 (9th Cir.2000); but see 20 U.S.C. § 1415(i)(3)(c) (lodestar fee may not be increased for claims under the IDEA).

Beginning with the hourly fee, attorneys' fees are to be calculated "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The relevant community is the forum in which the district court sits. Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir.1991). Here, that would be San

Francisco, California. "The established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir.2008).

**Discussion**

Additionally, Plaintiff has met his burden of documenting the time his attorney spent on the District Court matter and proving the attorney's hourly rate of $400 for federal district court matters is reasonable. Plaintiff submitted declarations by attorneys with comparable skill and experience, who charge similar hourly rates. Like Plaintiff's counsel, these attorneys are admitted to practice law before this Court and specialize in special education law. These declarations affirmed the prevailing hourly rate in the Los Angeles community was $350 to $525 for special education cases heard at the District Court at the time of filing. Plaintiff's counsel has been representing special education students in due process hearings since 1996 and at the time she was working on the Action, her rate was $400 per hour for federal district court matters. Therefore, by providing declarations of attorneys with similar experience and hourly rates, Plaintiff has sufficiently met his burden of producing satisfactory evidence that the requested rate of $400 is in line with those prevailing in the community for similar services.

Plaintiff, however, has requested that his counsel's current rate of $475 be awarded for services performed on the District Court matter during 2009. The Court finds that Plaintiff has not provided any reason to justify a retroactive increase in fees and thus awards fees at the hourly rate charged at the time the services were performed.

*4 Furthermore, the Court finds that, with a minor exception, Plaintiff properly submitted documentary evidence detailing the number of hours spent on the District Court matter. Although there were three federal matters taking place, Plaintiff's counsel provided a detailed billing statement specifically for Case Number 08–1047 in the Amended Notice of Motion in October, 2009, Ex. 5. The only exception to this was the settlement-related work billed for;

1  Plaintiff's counsel billed 4.25 hours for settlement-related work without specifying which case
2  number it was related to. Therefore, the 4.25 hours should be reduced by two-thirds (2.83) in
3  order to compensate for the possibility that it was related to all three cases. Accordingly,
4  Plaintiff should only be reimbursed for 1.42 hours of the 4.25 total. Otherwise, Plaintiff's counsel
5  met her burden by providing the dates she worked on the District Court matter, described the
6  work she did, and tallied the number of hours she spent. In total, Plaintiff calculated the total
7  time spent on the matter to be 61.30 hours.
8  The claim plaintiffs prevailed on

10     **IT IS SO ORDERED.**
11  DATED: May 11, 2013

12  _____
    M. James Lorenz
13  United States District Court Judge

14  COPY TO:

15  HON. JAN M. ADLER
    UNITED STATES MAGISTRATE JUDGE
16
17  ALL PARTIES COUNSEL