UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M., a minor child by and through R.M., | Civil No. 08cv412-L(JMA) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [Doc. #85]** |
| v. | |
| ENCINITAS UNION SCHOOL DISTRICT, | |
| Defendant. | |

Plaintiff moves for attorneys' fees in the amount of $29,350.80. Defendant opposes. The motion has been fully briefed and is considered on the papers submitted without oral argument under Civil Local Rule 7.1(d)(1). For the reasons set forth below, the motion will be granted.

**I.   Background**

On March 4, 2008, Plaintiff filed this appeal from an Office of Administrative Hearings ("OAH") decision under the Individuals with Disabilities Education act, 20 U.S.C. § 1400, *et. seq*. In addition to its answer, defendant filed a counterclaim on March 26, 2008, asserting a claim for relief under the IDEA and seeking declaratory and injunctive relief based on Plaintiff's alleged breach of the Settlement Agreement entered between Plaintiff and his parents and defendant concerning Plaintiff's special education programming.

By Order filed January 5, 2009, the Court dismissed the counterclaim noting that "it appears unlikely that counterclaimant can state a claim under the facts it has presented," (Order

at 5) but nevertheless granted defendant leave to file an amended counterclaim. Defendant did not file an amended counterclaim.

Ultimately, the Court reviewed the Plaintiff's action and found in Defendant District's favor. Judgment was entered on February 14, 2013. [Doc. #82]

Plaintiff now moves for attorneys' fees in connection with his successful dismissal of the District's counterclaim. As noted above, Defendant opposes the award of attorneys' fees.

**II.    Legal Standard**

The IDEA authorizes the Court, at its discretion, to award reasonable attorneys' fees "[i]n any action or proceeding brought under this section . . . as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C § 1415(i)(3)(B)(i). "For the purpose of attorneys' fee awards, a prevailing party is defined as 'a party which 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" *Park, ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006) (quoting *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994)). Success sufficient to confer prevailing party status results in a "'material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" *Parents of Student W.*, 31 F.3d at 1498 (quoting *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792–93 (1989)). The IDEA's attorneys' fees provision supports the "purpose of allowing attorneys' fees in cases where parents have been forced to litigate for years against school districts to obtain all or even part of what the Individuals with Disabilities Education Act requires in the first place." *Park*, 464 F.3d at 1034. "Once the plaintiff has been deemed a prevailing party, a district court's discretion to entirely deny a request for attorneys' fees is narrow." *Miller ex rel. Miller v. San Mateo-Foster City Unified Sch. Dist.*, 318 F. Supp. 2d 851, 864 (N.D. Cal. 2004.) (citing *Abu–Sahyun v. Palo Alto Unified Sch. Dist.*, 843 F.2d 1250, 1252 (9th Cir. 1988)).

Reasonable attorneys' fees under 20 U.S.C § 1415 "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished . . . [n]o bonus or multiplier may be used in calculating the fees awarded under this

subsection." 20 U.S.C § 1415(i)(3)(C).

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). "'[w]hen ... the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee" to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) supplemented, 483 U.S. 711 (1987) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The Court may modify this fee according to factors such as the novelty and difficulty of the issues involved, the skill required to litigate those issues, the preclusion of other employment, the customary fee, relevant time constraints, the amount at stake and the results obtained, the experience, reputation, and ability of the attorneys, the nature and length of their professional relationship with the client, the "undesirability" of a case, and awards in similar suits. *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992), opinion vacated in part on denial of reh'g, 984 F.2d 345 (9th Cir. 1993) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975)).

**III. DISCUSSION**

    **A. The Counterclaim was Brought under the IDEA.**

The IDEA provides "jurisdiction of actions brought under this section without regard to the amount in controversy." 20 U.S.C. § 1415(i)(3)(A). Defendant's counterclaim asserts jurisdiction under the IDEA. (Countercl. ¶ 2.) ("[t]his Court has jurisdiction over Counterclaimant's claims for relief under the IDEA. . . .")

In opposing an award of attorneys' fees, Defendant now argues that the counterclaim was not brought under the IDEA and that, as a result, its attorneys' fees provisions do not apply here. (Doc. #96, p.3.) This contention is inconsistent with the counterclaim, which explicitly invokes the IDEA as the source of the Court's jurisdiction over the counterclaim's subject matter.

Because Defendant elected to bring its counterclaim under the IDEA, the IDEA's fee-shifting provisions apply.

### B. Plaintiff is a Prevailing Party as to the Counterclaim, and the Court will Exercise its Discretion to Award Attorneys' Fees.

On January 5, 2013, this Court issued an order granting Plaintiff's motion to dismiss the counterclaim and granting Defendant leave to amend within ten calendar days. (Doc. #58.) Defendant did not amend its complaint within ten calendar days, and leave to amend expired. A final entry of judgment was entered on February 14, 2013. (Doc. #81.) Because the "essential facts of the . . . claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit," Defendant's counterclaim arose under the same transaction or occurrence as Plaintiff's complaint. *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995). Thus, Defendant's counterclaim is compulsory. FED. R. CIV. P. 13(a)(1)(A). "If a party fails to plead a compulsory counterclaim, he is held to waive it and is precluded by res judicata from ever suing upon it again." *Local Union No. 11, Int'l Bhd. of Elec. Workers, AFL-CIO v. G. P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966).

Thus, upon failure to amend the counterclaim and entry of final judgment in this matter, Defendant became precluded from ever again asserting the causes of action in the counterclaim. *Id.* Plaintiff secured the benefit of being free from the ostensible rights Defendant asserted under the IDEA in its counterclaim. Therefore, the legal relationship between the parties materially changed, and Plaintiff secured all of the benefit it sought in opposing the counterclaim.

In sum, Plaintiff is a prevailing party as to the counterclaim. *See Park*, 464 F.3d at 1034; *Parents of Student W., No. 3*, 31 F.3d at 1498. The Court will exercise its discretion under 20 U.S.C § 1415(i)(3)(B)(i) to award reasonable attorneys' fees.

### C. The Attorneys' Fees Plaintiff Seeks are Reasonable.

In support of its claim for 96 hours of attorney time litigating the counterclaim, Plaintiff provided a detailed but redacted invoice of each portion of the work involved, the hours spent, and the dates on which work took place. (Doc. 85-5, Ex. B.) The Court required the Plaintiff to provide an unredacted invoice for in-camera review. After conducting an in-camera review of

Defendant's invoice, it is apparent that the hours spent litigating Defendant's counterclaim are reasonable. Defendant's assertion that Plaintiff bills for work which did not have to do with the counterclaim is without merit. (Doc. 96, p.12.) Although Plaintiff's invoice does include occasional entries which overlap work done on the original claim and on the counterclaim, the hours billed are well within the bounds of reason, even if considered independently.

Fees awarded under the IDEA are based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. 20 U.S.C. § 1415. Plaintiff claims the rate of $275/hour for associate attorneys and $375/hour for partners. This rate is reasonable on its face, and Plaintiff provides two declarations in support of its reasonableness within the community for the kind and quality of services rendered. (Doc. #85-2, 85-3.) Defendant cites to two Eastern District cases in an attempt to show Plaintiff's rates unreasonable, one in which Plaintiff's attorneys were awarded a lower rate and one in which another practitioner was awarded $275/hour. Defendant further contends that time spent traveling to the Early Neutral Evaluation should not be compensable at the same rate as other work, citing to two cases from the District of New Jersey and the Tenth Circuit. None of these authorities control this analysis. The relevant inquiry is the prevailing rate in the community in which the action arose for the type and kind of services rendered. 20 U.S.C § 1415(i)(3)(C). The Eastern District of California, the District of New Jersey, and the Tenth Circuit are representative of different communities than that in which this action arose. It is not unreasonable to expect prevailing rates to differ between them.

In sum, Plaintiff has met his burden of demonstrating that the number of hours spent opposing Defendant's counterclaim are reasonable and that the rates charged are consistent with those prevailing within the community. The Court finds no reason to modify the presumptive fee.

/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED GRANTING** Plaintiff's motion for attorneys' fees in the amount of $28,700 plus $650.80 costs, for a total of $29,350.80.

**IT IS SO ORDERED.**

DATED: July 25, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES COUNSEL